# FORM FOR USE IN APPLICATIONS
# FOR HABEAS CORPUS UNDER 28 U.S.C. † 2254

RECEIVED
2006 FEB 16 A 10: 23

Name: TAIWAN BURTON

Prison Number: 167305

Place of Confinement: DRAPER CORRECTIONAL CENTER P.O. BOX 1107 ELMORE, AL 36025

United States District Court MIDDLE District of ALABAMA

Case No. 2:06cv141-WHA
(To be supplied by Clerk of U. S. District Court)

TAIWAN BURTON, PETITIONER
(Full Name)  (Include name under which you were convicted)

JAMES DELOACH, Warden III, RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person having custody of Petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF ALABAMA

HON. TROY KING, ADDITIONAL RESPONDENT.

(if petitioner is attacking a judgement which imposed a sentence to be served in the <u>future</u>, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the <u>future</u> under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

### PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

### INSTRUCTIONS--READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

N955

The Judicial Conference of the United States has adopted, effective 1/1/83, the 8½ x 11 inch paper size standard for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings, etc. filed after 12/31/82 must be on 8½ x 11 inch paper, otherwise we cannot accept them.

(2) Additional pages are not permitted except with respect to the <u>facts</u> which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed <u>in forma pauperis</u>, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed <u>in forma pauperis</u>, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition if fully completed, <u>the original and two copies * must be mailed to the Clerk of the United States District Court whose address is</u>:

P.O. Box 711<br>Montgomery, Alabama 36101

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

**\*If you are proceeding <u>in forma pauperis</u>, only the original petition needs to be filed with the Court.**

PETITION

1. Name and location of court which entered the judgment of conviction under attack <u>15th Judicial Circuit of Montgomery County, Alabama</u>

2. Date of judgment of conviction <u>April 10, 1992</u>

3. Length of sentence <u>99-years</u> Sentencing Judge <u>Hon. Charles Price</u>
P

4. Nature of offense or offenses for which you were convicted: __Rape first degree.__

5. What was your plea? (check one)
   (a) Not guilty   ( )
   (b) Guilty       (x)
   (c) Nolo contendere ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: __N/A__

6. Kind of trial:   (Check one)
   (a) Jury      ( )
   (b) Judge only (x)

7. Did you testify at the trial? Yes ( )   No (X)

8. Did you appeal from the judgment of conviction? Yes ( )   No (X)

9. If you did appeal, answer the following:
   (a) Name of court __N/A__
   (b) Result _____
   (c) Date of result _____
   If you filed a second appeal or filed a petition for certeorari in the Supreme Court, give details: __N/A__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?  Yes (X)   No ( )

11. If your answer to 10 was "yes", give the following information:
    (a) (1) Name of court __Circuit Court of Montgomery County, Alabama__
        (2) Nature of proceeding __Petition for Writ of Habeas Corpus.__
        (3) Grounds raised __Misinformed of consequences of guilty plea by counsel; motion to withdraw guilty plea; improperly amended indictment, and ineffective assistance of counsel.__

        (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes (x)   No ( )
        (5) Result __Denied__
        (6) Date of result __February 8, 1993.__

(b) As to any second petition, application or motion give the same information:
  (1) Name of court __15th Judicial Circuit of Montgomery County, AL__
  (2) Nature of proceeding __Rule 32, Alabama Rules of Criminal Procedure.__
  (3) Grounds raised __Conviction Obtained By A Plea Which was unlawfully induced or not made voluntarily with understanding of the nature of the Charge and consequences of the plea; Ineffective Assistance of Counsel.__

  (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No (x)
  (5) Result __Burton was not notified by the Court or Attorney, Keith Ausborn.__
  (6) Date of result __Not known.__

(c) As to any third petition, application or motion, give the same information:
  (1) Name of Court __15th Judicial Circuit Court of Montgomery County, Alabama.__
  (2) Nature of proceeding __Rule 32, Alabama Rules of Criminal Procedure.__

  (3) Grounds raised __Conviction Obtained By Plea Which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and consequences of the plea; Ineffective Assistance of Counsel; Failed To Appeal within prescribed time and that failure was without fault on Burton's part; Improper Amended Indictment, and Newly Discovered Evidence.__

  (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No (x)
  (5) Result __Summarily Dismissed__
  (6) Date of result __March 23, 2005__

(d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:
  (1) First petition, etc.      Yes (x)  No ( )
  (2) Second petition, etc.     Yes ( )  No (x)
  (3) Third petition, etc.      Yes ( )  No (x)

(e) If you did **not** appeal from the adverse action on any petition, application or motion, explain briefly why you did not: __First Petition was appealed and resulted in petition being reversed and remanded to comply with Rule 32 proceedings. After remand Attorney filed Rule 32 petition, as Ordered, but Attorney was disbarred during or before Ruling of the circuit court on the petition, and neither Court nor attorney notified Burton of the ruling of the court on his petition, compromising Burton's ability to seek further appeals. On SECOND PETITION, the State waived statute of limitation, in its' response. Burton filed opposition and the Circuit Court dismissed petition on 3-23-2005, but did not notify Burton until 6-8-2005, causing Burton's appeal to be dismissed as untimely. Burton Filed Mardamus seeking out-of-time appeal, based on him filing untimely was not fault. Relief was denied due to there being another remedy, i.e., Rule 32.1(f), causing Buton to file third Petition on 8-26-2005, pursuant to Rule 32.1(f). The State responded; Burton Filed opposition, but Clerk has no records of Rule 32.1(f) proceedings filed by Burton.__

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully.  Summarize <u>briefly</u> the <u>facts</u> supporting each ground.

>    CAUTION:  In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court.  As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief.  If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings.  Each statement preceded by a letter constitutes a separate ground for possible relief.  You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them.  However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose.  Do not check any of the grounds listed below.  The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

>    (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
>    (b) Conviction obtained by use of coerced confession.
>    (c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
>    (d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
>    (e) Conviction obtained by a violation of the privilege against self-incrimination.
>    (f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
>    (g) Conviction obtained by a violation of the protection against double jeopardy.
>    (h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
>    (i) Denial of effective assistance of counsel.
>    (j) Denial of right of appeal.

A. **Ground one:** CONVICTION OBTAINED BY PLEA WHICH WAS UNLAWFULLY INDUCED OR NOT MADE VOLUNTARILY WITH UNDERSTANDING OF THE NATURE OF THE CHARGE AND CONSEQUENCES

**Supporting FACTS** (tell your story briefly without citing cases or law):
Burton's attorney advised him to plead guilty to the offense of rape in the 1st degree in exchange for a sentence of 15-year split 3-year sentence, but the Court instead sentenced Burton to 99-years. But for this alleged agreement conceivable between defense counsel and prosecutor Burton would not have pled guilty. This alleged agreement is preserved via cassette recording as discussed with Burton's sibling and defense counsel John Cason, as being a true, accurate and complete representation for the basis of his plea of guilty, which would not have been given, but for strict execution of the agreement. Burton was induced to enter his plea of guilty by the affirmative misrepresentations of counsel as to the possible range of punishment for the offense charged.

B. **Ground two:** INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF BURTON'S SIXTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

**Supporting FACTS** (tell your story briefly without citing cases or law):
Counsel rendered ineffective assistance of counsel by his failure to inform Burton of his right to direct appeal his 99-year sentence and right to have counsel appointed to represent him on appeal, by the Court in violation of his Fourteenth Amendment Right. But for counsel's failure to inform, Burton would have wanted to appeal 99-year sentence with primary issue being ineffective assistance.

C. **Ground three:** INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF BURTON'S SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

**Supporting FACTS** (tell your story briefly without citing cases or law):
Counsel failed to investigate and interview witnesses, but for counsel's failures. Witness Sharon Redding would have testified that Burton's actions charged in this case were not a violation of state statute charged, proved that Burton is actually innocence of rape in the 1st degree. Counsel was given witness' name and address, but counsel seeked only a plea agreement, and lied to Burton telling Burton that he had reached an agreement with the state for a 15-year split 3-year sentence, and that there was no likelihood of an acquittal or conviction of a lesser offense.

D. Ground four: <u>VIOLATION OF BURTON'S FOURTEENTH AMANDMENT RIGHT TO THE UNITED STATES CONSTITUTION PROCURING PLEA BY DECEPTION</u>

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):
<u>Burton is actually innocence of rape in the 1st degree, and a manifest injustice of the adjudication of guilt premised upon 16-year old Taiwan Burton should be withdrawn to correct the manifest injustice. Burton was deprived of his ability to make an informed decision Concerning his legal options and the ramifications of it because of his attorney's deception and ineffectiveness.</u>

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal state <u>briefly</u> what grounds were not so presented, and give your reasons for not presenting them: <u>N/A</u>

14. Do you have any petition or appeal now pending in any court, wither state or federal, as to the judgment under attack?   Yes ( )   No (x)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
   (a) At preliminary hearing <u>JOHN C. CASON,</u>

   (b) At arraignment and plea <u>Id.</u>

   (c) At trial <u>N/A</u>

   (d) At sentencing <u>JOHN C. CASON</u>

   (e) On appeal <u>N/A</u>

(f) In any post-conviction proceeding  KEITH AUSBORN

(g) On appeal from any adverse ruling in a post-conviction proceeding: KEITH AUSBORN

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ( )    No ( x )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ( )    No ( x )

(a) If so, give name and location of court which imposed sentence to be served in the future: N/A

(b) And give date and length of sentence to be served in the future: N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ( )    No ( x )

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on  February 14, 2006 .
(date)

Signature of Petitioner