IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TAIWAN BURTON, #167305,    )
                             )
       PETITIONER,    )
                             )
VS.                    )  CIVIL ACTION NO.
                           )  2:06-cv-141-WHA
                           )
JAMES DELOACH, et al.,    )
                           )
     RESPONDENTS.    )

## ANSWER

Come now the respondents in the above-styled cause by and through the Attorney General of the State of Alabama and in response to this Honorable Court's Order to Show Cause state the following:

## PROCEDURAL HISTORY

1. Petitioner is presently incarcerated in the Alabama Correctional System serving a sentence of 99 years for a March 20, 1992 first degree rape conviction as a result of a guilty plea. No direct appeal was taken. (Exhibit "A") Petitioner filed a petition for writ of habeas corpus in state court on December 4, 1992 that was denied on February 8, 1993. (Exhibit "A")

2. Petitioner appealed the habeas corpus denial and on December 30, 1993, the Alabama Court of Criminal Appeals reversed the denial and remanded the cause to be properly filed as a Rule 32 petition under Rule 32, Alabama Rules of Criminal Procedure. (Exhibit "B")

3. Petitioner filed a Rule 32 petition on remand, but it was denied following a hearing. (Exhibit "C") Petitioner did not appeal this denial. (Exhibit "A" *& "D")

4. Subsequently, sometime in 2005, Petitioner filed a Rule 32 petition in this case, but his appeal of the denial of that Rule 32 petition was dismissed as untimely filed. (Exhibit "E" & "F")

## ARGUMENT

## STATUTE OF LIMITATIONS

5. The guilty plea conviction in this case became final in 1992. Therefore, under Title 28 U.S.C. § 2244(d), the present federal habeas corpus petition is due to be dismissed because of Petitioner's failure to file his federal habeas corpus action within the one-year period of limitation.

2

## PROCEDURAL HISTORY

6. Although Petitioner may have filed petitions for relief in state circuit court, those petitions were never properly and/or timely appealed as required. The failure to raise a claim on appeal in state court would procedurally bar that claim from federal habeas review. Collier v. Jones, 910 F.2d 770, 773 (11th Cir. 1990). Also, Petitioner's failure to timely appeal his latest Rule 32 petition's denial, that it was properly dismissed as untimely by the state appellate court, bars federal habeas review of his claims. Where the state court correctly applies a procedural default principle of state law the federal court is required to abide by the state court's decision. Harmon v. Barton, 894 F.2d 1268, 1270 (11th Cir. 1990).

7. Because Petitioner has never presented the present issues to the state court, either because he failed to appeal or his appeal was untimely, the present federal habeas petition is due to be dismissed and denied on procedural grounds.

## EXHIBITS

1. Exhibit "A" - Case action summary; CC-91-952;

2. Exhibit "B" - Memorandum opinion; CR-92-1473;

3. Exhibit "C" - Order; CC-91-952;

4. Exhibit "D" - Case action summary; CC-91-952.80;

5. Exhibit "E" - Order; CR-04-1927; and,

6. Exhibit "F" - Certificate of judgment; CR-04-1927.

Respectfully submitted,

TROY KING, ASB #KIN047
*Attorney General*
By-


/s/Cecil G. Brendle, Jr.
*Assistant Attorney General*
Cecil G. Brendle, Jr.
ID #BRE005

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March, 2006, I electronically filed

the foregoing with the Clerk of the Court using the CM/ECF system and I hereby

certify that I have mailed by United States Postal Service the document to the

following non-CM/ECF participants:   Taiwan Burton, AIS 167305, P. O. Box

1107, Elmore, AL 36025.

Respectfully submitted,

/s/Cecil G. Brendle, Jr. (CGB005)
Cecil G. Brendle, Jr. (CGB005)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone:  (334)  242-7300
Fax:  (334)  242-2848
E-Mail:  cbrendle@ago.state.al.us

107862/91709-001