CC91-952.60 Cup

Case Number

CC 92 952

ID YR NUMBER Cup

(To be completed by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
[Insert appropriate court]

TAIWAN R. BURTON, #167305,
(Petitioner)

vs.

STATE OF ALABAMA
(Respondent(s)

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED IN FORMA PAUPERIS

I, TAIWAN RENARD BURTON, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed? Yes ____ No ✓

   a. If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

   b. If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.
   Petitioner has been incarcerated For the Past 15 years.

2. Have you received within the past twelve months any money from any of the following sources?

   a. Business, profession, or other form of self-employment?
   Yes ____ No ✓

   b. Rent payments, interest, or dividends?
   Yes ____ No ✓

   c. Pensions, annuities, or life insurance payments?
   Yes ____ No ✓

   d. Gifts or inheritances?
   Yes ____ No ✓

   e. Any other sources?
   Yes ____ No ✓

JAN 2005 Filed Melissa Rittenour Circuit Clerk

EXHIBIT G

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

3. Do you own cash, or do you have money in a checking or savings account?

Yes ______ No ✓

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes ______ No ✓

If the answer is "yes", describe the property and state its approximate value.

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on January 27, 2005
(Date)

[signature]
Signature of Petitioner

**CERTIFICATE**

I hereby certify that the petitioner herein has the sum of $ .59 on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said Draper Corr Fac institution:

1-27-05
DATE

E.S. Brown Acct Clerk
AUTHORIZED OFFICER OF INSTITUTION

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
DRAPER CORRECTIONAL FACILITY

AIS #: 167305 NAME: BURTON, TAIWAN RENARD AS OF: 01/20/2005

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|---|---|---|---|
| JAN | 11 | $65.45 | $40.00 |
| FEB | 28 | $2.50 | $40.00 |
| MAR | 31 | $4.30 | $25.00 |
| APR | 30 | $5.79 | $75.00 |
| MAY | 31 | $0.99 | $0.00 |
| JUN | 30 | $14.94 | $150.00 |
| JUL | 31 | $2.64 | $50.00 |
| AUG | 31 | $3.35 | $100.00 |
| SEP | 30 | $7.45 | $165.00 |
| OCT | 31 | $3.97 | $50.00 |
| NOV | 30 | $4.49 | $60.00 |
| DEC | 31 | $13.25 | $120.00 |
| JAN | 20 | $0.65 | $0.00 |

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

(Pursuant to Rule 32,
Alabama Rules of Criminal Procedure)

CC 91-952.60 Cup

Case Number

CC 92 952
ID YR NUMBER

IN THE 15th Judicial Circuit COURT OF Montgomery, ALABAMA

TAIWAN BURTON vs. STATE OF ALABAMA

Petitioner (Full Name) Respondent

[Indicate either the "State" or, if filed in municipal court, the name of the "Municipality"]

Prison Number 167305 Place of Confinement D.C.C.

County of conviction Montgomery County Alabama

**NOTICE: BEFORE COMPLETING THIS FORM, READ CAREFULLY THE ACCOMPANYING INSTRUCTIONS.**

1. Name and location (city and county) of court which entered the judgment of conviction or sentence under attack Circuit Court of Montgomery County, Alabama 251 S. Lawrence St. Montgomery, AL 36104 (334) 832-1331

2. Date of judgment of conviction April 10, 1992.

3. Length of sentence Ninty-Nine years.

4. Nature of offense involved (all counts) Rape 1st degree.

5. What was your plea? (Check one)
   (a) Guilty ✓
   (b) Not guilty ____
   (c) Not guilty by reason of mental disease or defect ____
   (d) Not guilty and not guilty by reason of mental disease or defect ____

6. Kind of trial: (Check one)

(a) Jury ______ (b) Judge only ✓

7. Did you testify at the trial?

Yes ______ No ✓

8. Did you appeal from the judgment of conviction?

Yes ______ No ✓

9. If you did appeal, answer the following:

(a) As to the state court to which you first appealed, give the following information:

(1) Name of court N/A

(2) Result

(3) Date of result

(b) If you appealed to any other court, then as to the second court to which you appealed, give the following information:

(1) Name of court N/A

(2) Result

(3) Date of result

(c) If you appealed to any other court, then as to the third court to which you appealed, give the following information:

(1) Name of court N/A

(2) Result

(3) Date of result

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, motions with respect to this judgment in any court, state or federal?

Yes ✓ No ____

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a) (1) Name of court Circuit Court of Montgomery County, Alabama.

(2) Nature of proceeding Petition for Writ of Habeas Corpus.

(3) Grounds raised Misinformed of Consequences of his plea; Ineffective Assistance of Counsel; Motion To Withdraw Plea Improperly Amended Indictment

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes ____ No ✓

(5) Result Denied.

(6) Date of result February 8, 1993

(b) As to any second petition, application, or motion, give the same information:

(1) Name of court Alabama Court of Criminal Appeals.

(2) Nature of proceeding Appeal of denial of Writ of Habeas Corpus.

(3) Grounds raised The Circuit Court dismissed Petition without allowin' opportunity to amend petition to Conform to Rule 32. Burton v. State, 641 So.2d 315 (Ala.Cr.App.1993).

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes ✓ No ____

(5) Result Court Ordered to give Burton opportunity to Comply with Rule 32.

(6) Date of result January 27, 1994

(c) As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

(1) Name of court ____

(2) Nature of proceeding N/A

(3) Grounds raised

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes ______ No ______

(5) Result

(6) Date of result

(d) Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1) First petition, etc. Yes ✓ No ______

(2) Second petition, etc. Yes ______ No ______

(2) Third petition, etc. Yes ______ No ______

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e) If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

Petitioner learned on December 25, 2004, that Counsel, keith Ausborn had been disbarred during and/or before receiving Court Order to amend Petitioner's petition to comply with Rule 32, and did not inform Petitioner. In which establish Cause and perjudice for this procedural default.

12. Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

**Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):**

X A. The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

X (1) Conviction obt... d by plea of guilty which was unlawfully ... duced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2) Conviction obtained by use of coerced confession.

(3) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5) Conviction obtained by a violation of the privilege against self-incrimination.

(6) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7) Conviction obtained by a violation of the protection against double jeopardy.

(8) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

X (9) Denial of effective assistance of counsel.

**This list is not a complete listing of all possible constitutional violations.**

**If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.**

X B. <u>The court was without jurisdiction to render the judgment or to impose the sentence.</u>

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ C. <u>The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.</u>

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ D. <u>Petitioner is being held in custody after his sentence has expired.</u>

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

X E. <u>Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:</u>

<u>The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and</u>

<u>The facts are not merely cumulative to other facts that were known; and</u>

The facts do not merely amo__ to impeachment evidence; and __

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

X F. The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13. IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:

> "Successive Petitions. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A. Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes X No ____

B. If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a) Name of court Circuit Court of Montgomery County, AL

(b) Result Denied

(c) Date of result February 8, 1993
(attach additional sheets if necessary)

C. If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes ____ No X

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a) At preliminary hearing John C. Cason, 4215 Carmichael Rd. Montgomery, AL 36106

(b) At arraignment and plea Id.

(c) At trial N/A

(d) At sentencing John C. Cason, id.

(e) On appeal ______

(f) In any post-conviction proceeding Keith Ausborn

(g) On appeal from adverse ruling in a post-conviction proceeding Id.

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes ______ No X

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes ______ No X

(a) If so, give name and location of court which imposed sentence to be served in the future: ______

(b) And give date and length of sentence to be served in the future: ______

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes ______ No X

18. What date is this petition being mailed?

______

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

# PETITIONER'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on 1/26/05
(Date)

X [signature]
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the 26th day of January 2005

William C. Mill [signature]
Notary Public

**OR ***

## ATTORNEY'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true and correct. Executed on ______________.
(Date)

______________________________
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the ____ day of ______________, ____.

______________________________
Notary Public

Name and address of attorney representing petitioner in this proceeding (if any)

Taiwan Burton, Pro se,
Draper Correctional Center
P.O. Box 1107
Elmore, AL 36025



* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

TAIWAN BURTON, #167305,

Petitioner,

VS. CASE NO. CC-92-952

STATE OF ALABAMA,

Respondents.

PETITION FOR RELIEF FROM CONVICTION OR SENTENCE
PURSUANT TO RULE 32,
ALABAMA RULE OF CRIMINAL PROCEDURE

COME NOW the Petitioner in the above-styled cause, pro se, and petition this Honorable Court for relief pursuant to Rule 32, A.R.Cr.P., and as grounds therefore, the Petitionerr avers and says as follows:

F A C T S

1. The Petitioner enter a ples of guilty to the offense of Rape in the first degree on April 10, 1992, in the Circuit Court of Montgomery County, Alabama, before the Honorable Charles Price, Circuit Judge. The Petitioner informed his attorney and the Court at the time his plea was entered that he was in fact not guilty of the offense of Rape in the first degree, that his actions were not at any time the alleged victim's right nor state law, but that, he was entering the plea because he deemed it in his best interest to do so. The Petitioner was represented by the Honorable John Cason, attorney at law, at said time. There was an expree agreement between the Petitioner and the State of Alabama as to the sentence the Petitioner would receive in exchange for his plea of guilty in this cause; the Petitioner never testified at the trial stage of this case.

2. On April 10, 1992, the date set for the Petitioner's sentencing hearing, the Petitioner was sentenced by Judge Price to ninty-nine (99) years in the State

penitentiary. The Petitioner did not testified at his sentencing hearing prior to sentencing.

3. The Petitioner says that he was never informed of his rights to appeal his conviction and sentence, and his failure to appeal his conviction and sentence, was without fault on his part. Petitioner contends that if he had known he could have appeal he would have wanted an appeal with the primary issue being ineffective assiatance of counsel.

4. The Petitioner filed post-conviction (Rule 32, A.R.Cr.P.) proceedings, and an appealed of the denial of the post-conviction by the Circuit Court of Montgomery County, Alabama. The Petitioner has not previously filed any other petitions, applications or motion with respect to this judgment in any Court, State or Federal.

5. The Petitioner is now incarcerated in the Draper Correctional center in Elmore County, Alabama 36025.

6. The attorney who represented the Petitioner at the time of his preliminary hearing, at trial, at the time his plea of guilty was enterd, and at the time of his sentencing was the Honorable John C. Cason, 4215 Carmichael Rd. Montgomery, AL 36106.

7. Petitioner has not hiterto filed any petition attacking his conviction or sentence in this case. Petitioner does not have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack in this cause.

8. The Petitioner does not have any future sentence to serve after completion of the sentence imposed by the judgment presently under attack.

## GROUND OF PETITION

The Petitioner (hereinafter "Burton") is entitled to relief pursuant to Rule 32,

A.R.Cr.P., in that, the Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding and/or other relief due to the following:

9. Burton's conviction was obtained by a plea of guilty which was unlawfully induced or not made voluntarily with an understanding of the nature of the charge and/or the consequences of his plea. Specifically, Burton's attorney advised him to plead guilty to the offense of Rape in the first degree in exchange for a sentence of 15 years split 3 year sentence to serve.

10. Burton pleaded guilty to the offense of Rape, but the Court in fact sentenced Burton to ninty-nine (99) years in the penitentiary. In which he will serve actually serve as much time in prison as he would with a life sentence, the maximum sentence he could have receive for this offense. When a plea rests in any significant degree on a promise or agreement of the prosecutor so that it can be said to be part of the inducement or consideration, such promise or agreement must be fulfilled. Rule 14.3(c)(2)(iv), A.R.Cr.P.; Calloway v. State, 860 So.2d 900 (Ala.Cr.App.2002). Burton's plea of guilty was induced by the affirmative misrepresentations of counsel; Counsel advised Burton that there was no likelihood that he would be acquitted or convicted of a lesser offense, and that his conviction for rape in the first degree was a practical certainty, when in fact, Burton had a meritorious defense to the charge. Hence, Burton's plea was not voluntarily, knowingly or intelligently entered, and his conviction is due to be set aside on that ground alone. Burton further says that he was not informed of his right to appeal and have counsel appointed to represent him on him appeal in violation of Section 12-22-130 of the <u>Alabama Code</u> and Rule 26.9(b)(4), <u>A.R.Cr.P</u>. Which is jurisdictional. Landcaster V. State, 638 So.2d 1370 (Ala.Cr.App.1993).

11. Under Alabama law, there is no timeliness requirement for filing a motion to withdraw a plea of guilty. Under A.R.Cr.P. 14.4(e), a plea of guilty shall be withdrawn at any time "when necessary to correct a manifest injustice." There is no requirement in Ala.R.Crim.Proc. 14.4(e) that the issue be preserved in a motion for new trial or otherwise.

12. In this case, the manifest injustice is the adjudication of guilt premised upon sixteen (16) year old Taiwan Renard Burton's unkonwing, unintelligent and involuntary decision to plead guilty. Because the trial judge failed to carry out the terms of the plea agreement, Burton was deprived of his ability to make an informed decision concerning his legal options and ramifications thereof, and because his attorney rendered ineffective assistance of counsel.

13. A plea of guilty does not relieve Burton's counsel of responsibility to (1) investigate defenses; (2) be familiar with the facts and law, and (3) explore all avenues leading to facts relevant to guilt or degree of guilt. A guilty plea cannot be voluntary where it is shown that Burton's only choice was either to face sure conviction because his attorney was unfamiliar with the law and facts or to plead guilty. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984); Baxter v. State, 360 So.2d 64 (Ala.Cr.App. 1978).

14. The trial Court erred when it accepted the Petitioner's guilty plea without evidence necessary to the making of a determination that there was a factual basis for the plea. Russell v. State, 428 So.2d 131 (Ala.1982).

15. Burton contends that he is actually innocent of the crime of Rape in the first degree and Sharon Redding would have testified that Burton's actions concerning

this matter were not in violation of state law, and but for counsel's failure to investigate and interview witnesses, the results of the proceedings would have been different. Burton would have wanted a trial and witnesses, who would have testified that the Burton is innocence of the charge of rape. Burton further says that he did not plan nor were part of a plan or attempt to rape the victim in this case. Burton was sixteen (16) years of age when he was arrested and charged with said crime. He has an I.Q. below 52 and not capable of representing himself.

16. It is the Burton's contention that the allegations raised herein show that Counsel's failure to conduct meaningful pretrial investigation satisfies the first prong of the Strickland test. Aldrich v. Wainwright, 777 F.2d 630 (11th Cir.1985); comparing cases, e.g., Kimmelman v. Morrison, 477 U.S. 365, 106 S.Ct. 2574, 2588- 89, 91 L.Ed.2d 305 (1986), where the Court concluded that counsel's performance was deficient because of a failure to investigate. Id.

17. The Burton further contends that the cummulative effects of the errors complained of above prejudicied him and were so serious when taken together that counsel was not functioning as Counsel guaranteed by the Sixth Amandment. Strickland v. Washington, id.

18. Burton was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendment to the United states Constitution. The factual allegations of Paragraph #11 above and the related paragraphs clearly support the Petitioner's contention that counsel was ineffective, and the Petitioner adopts and realleges the averments of that paragraph as completely as if fully set out herein.

19. The Burton is entitled to an evidentiary hearing on the matter and issues raised herein. Under the circumstances of

this case, the issues could not have been raised on direct appeal and are not precedurally barred. Henderson v. State, 586 So.2d 1009 (Ala. 1991).

**WHEREFORE THE PREMISES CONSIDERED**, the Taiwan Burton prays that this Honorable Court grant him an evidentiary hearing and any and all relief to which he may show himself entitled.

DONE THIS 26th day of January, 2005.

Respectfully submitted,

x[signature]
Taiwan R. Burton
P.O. Box 1107
Elmore, AL 36025

BY: Inmate Law Clerk,
Dedrick Peterson

**PETITIONER'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY**

I swear under penalty of perjury that the foregoing is true and correct.
DONE THIS 26th day of January, 2005.

x[signature]
Petitioner's signature

SWORN TO AND SUBSCRIBED before me on this the 26th day of January, 2005. 2005.

[signature]
NOTARY PUBLIC

# CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of January, 2005, a copy of the foregoing document was served by first class mail, postage prepaid, on the District Attorney for the Fifteenth Judicial of Alabama.

X [signature]
OF PETITIONER

12345678910111213141516171819202122232425262728293031
JUN 2005
FILED
Melissa Rittenour
Circuit Clerk

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
Fifteenth Judicial Circuit

TAIWAN BURTON,

Petitioner/Appellant,

vs.

STATE OF ALABAMA

Respondent/Appellee.

CASE NO. ~~92~~ 91-952-CNP

## NOTICE OF APPEAL

COMES NOW the Petitioner/Appellant and enters his Notice of Appeal from the judgment rendered against him on the 23rd day of March, 2005, filed by the Circuit Court Clerk on 7th day of April, 2005, and mailed to Petitioner on June 8, 2005, showing that relief was denied on Petitioner's Post-conviction Petition, pursuant to Rule 32, A.R.Cr.P.

In support of the appeal the Appellant will rely on the entire record of the proceeding.

Respectfully submitted this 9th day of June, 2005.

[signature]
Appellant, Pro se
Draper Correctional Center
P.O. Box 1107
Elmore, AL 36025

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Notice of Appeal, with Reporter's Transcript Order and Docket Statement attached hereto on the Clerk of the Fifteenth Judicial Circuit, by placing it in the United States Mail, postage prepaid and properly addressed this 9th day of June, 2005.

[signature]
OF APPELLANT

NOTE: That Negligence In Notifying Petitioner Of Actions Taken On His Rule 32 Petition violates his due process rights to appeal, and must be corrected.

APPENDIX X

| State of Alabama<br>Unified Judicial System<br>Form ARAP-1C 8/91 | REPORTER'S TRANSCRIPT ORDER -- CRIMINAL<br>See Rules 10(c) and 11(b) of the Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number<br>____ - ____ |
|---|---|---|

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

☒ CIRCUIT COURT ☐ DISTRICT COURT ☐ JUVENILE COURT OF MONTGOMERY COUNTY

TAIWAN BURTON, Appellant

v. ☒ STATE OF ALABAMA ☐ MUNICIPALITY OF

| Case Number<br>CC-92-952-CNP | Date of Judgment/Sentence/Order<br>MAY23, 2005 |
|---|---|
| Date of Notice of Appeal<br>Oral: Written: JUNE 9, 2005 | Indigent Status Granted:<br>☒ Yes ☐ No |

PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, *CODE OF ALABAMA 1975*).

Signature ____ Date ____ Print or Type Name ____

PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED. Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

MARK PROCEEDINGS REQUESTED: COURT REPORTER(S)

A. ☐ TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately.

B. ☐ ORGANIZATION OF THE JURY - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs (See Rule 19.4, ARCrP.)

C. ☐ ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

| | ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
|---|---|---|---|
| D. | POST CONVICTION PETITION RULE 32 A.R.CR.P. | | |
| E. | | | |
| F. | | | |
| G. | | | |

FILED JUN 2005 Circuit Clerk

IMPORTANT NOTICE: The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

Signature: Taiwan R. Burton Date: 6/9/2005 Print or Type Name: Taiwan Burton

DISTRIBUTION: Original filed with Clerk of Trial Court and copies mailed to: (1) Clerk of the Court of Criminal Appeals, (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript

APPENDIX BB

State of Alabama
Unified Judicial System
Form ARAP-26 (front) 8/91

# COURT OF CRIMINAL APPEALS DOCKETING STATEMENT

Criminal Appeal Number ____-________

## A. GENERAL INFORMATION:

☒ CIRCUIT COURT ☐ DISTRICT COURT ☐ JUVENILE COURT OF MONTGOMERY COUNTY

TAIWAN BURTON, Appellant

v. ☒ STATE OF ALABAMA ☐ MUNICIPALITY OF ____________

| Case Number | Date of Complaint or Indictment | Date of Judgment/Sentence/Order |
|---|---|---|
| CC-92-952-CNP | March 20, 1992 | May 23, 2005 |
| Number of Days of Trial/Hearing: ____ Days | Date of Notice of Appeal — Oral: | Written: 6/9/2005 |

Indigent Status Requested: ☐ Yes ☐ No  Indigent Status Granted: ☒ Yes ☐ No

## B. REPRESENTATION:

Is Attorney Appointed or Retained? ☐ Appointed ☐ Retained.  If no attorney, will appellant represent self? ☒ Yes ☐ No

| Appellant's Attorney (Appellant if pro se) *(Attach additional pages if necessary)* | | Telephone Number | |
|---|---|---|---|
| TAIWAN BURTON | | | |
| **Address** | **City** | **State** | **Zip Code** |
| P.O. BOX 1107 | ELMORE | AL | 36025 |

## C. CODEFENDANTS: List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
|---|---|
| N/a | |
| | |
| | |

## D. TYPE OF APPEAL: Please check the applicable block.

1 ☐ State Conviction
2 ☒ Post-Conviction Remedy
3 ☐ Probation Revocation
4 ☐ Pretrial Order
5 ☐ Contempt Adjudication
6 ☐ Municipal Conviction
7 ☐ Juvenile Transfer Order
8 ☐ Juvenile Delinquency
9 ☐ Habeas Corpus Petition
10 ☐ Other (Specify) ____________

JUN 2005
FILED
Melissa Rittenour
Circuit Clerk

## E. UNDERLYING CONVICTION/CHARGE: Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 ☐ Capital Offense - § ________
2 ☐ Homicide - § ________
3 ☐ Assault - § ________
4 ☐ Kidnapping/Unlawful Imprisonment - § ________
5 ☐ Drug Possession - § ________
6 ☐ Trafficking in Drugs - § ________
7 ☐ Theft - § ________
8 ☐ Damage or Intrusion to Property - § ________
9 ☐ Escape - § ________
10 ☐ Weapons/Firearms - § ________
11 ☐ Fraudulent Practices - § ________
12 ☐ Offense Against Family - § ________
13 ☐ Traffic - DUI - § ________
14 ☐ Traffic - Other - § ________
15 ☐ Miscellaneous (Specify): ________ - § 13A-6-61

## F. DEATH PENALTY:

Does this appeal involve a case where the death penalty has been imposed? ☒ Yes ☐ No

## G. TRANSCRIPT:

1. Will the record on appeal have a reporter's transcript? ☒ Yes ☐ No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed. ____________ (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk? ☐ Yes ☐ No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions? ☐ Yes ☐ No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

Form ARAP-26 (back) 8/91

COURT OF CRIMINAL APPEALS DOCKETING STATEMENT

**H. POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| | | | STATUS MOTION | | | |
| | | | STATUS MOTION | | | |
| | | | | | | |
| | | | | | | |

**I. NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case.

Appeal of the denial of a post-conviction petition, pursuant to Rule 32, A.R.Cr.P.

**J. ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. *(Attach additional pages if necessary.)*

Whether Petitioner's claims were sufficient to support ineffective assistance of counsel?

Whether the Court violated Petitioner's due process rights to appeal?
ect.

**K. SIGNATURE:**

6-9-2005
Date

[signature]
Signature of Attorney/ Party Filing this Form

# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
# THE ALABAMA COURT OF CRIMINAL APPEALS

**CR-04-1927**

Taiwan Renard Burton v. State of Alabama (Appeal from Montgomery Circuit Court: CC91-952.60)

## CERTIFICATE OF JUDGMENT

To the Clerk of the above noted Trial Court, Greetings:

WHEREAS, the appeal in the above-referenced cause has been considered by the Court of Criminal Appeals; and

WHEREAS, an order was issued this date in said cause containing the judgment indicated below:

## Appeal Dismissed

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure and the order of dismissal, it is hereby certified that the aforesaid judgment is final.

Melissa Rittenour
Circuit Clerk
Filed
JUN 2005

**Witness. Lane W. Mann, Clerk Court of Criminal Appeals, on this the 28th day of June, 2005.**

Lane W. Mann

**Clerk**
**Court of Criminal Appeals**
**State of Alabama**

**cc:** Hon. Charles Price, Circuit Judge
Hon. Melissa Rittenour, Circuit Clerk
Taiwan Renard Burton, Pro Se
Office of Attorney General

# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

**CR-04-1927**

Taiwan Renard Burton v. State of Alabama (Appeal from Montgomery Circuit Court: CC91-952.60)

## ORDER

Upon consideration of the above referenced appeal, the Court of Criminal Appeals orders that said appeal be and the same is hereby DISMISSED as untimely filed. Having this date dismissed said appeal, the Court further orders that the certificate of judgment shall issue forthwith.

Done this the 28th day of June, 2005.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. Charles Price, Circuit Judge
Hon. Melissa Rittenour, Circuit Clerk
Taiwan Renard Burton, Pro Se
Office of Attorney General



ACRO370 ALABAMA JUDICIAL INFORMATION SYSTEM
OPER: TOR CASE ACTION SUMMARY
PAGE: 1 CIRCUIT CRIMINAL RUN DATE: 02/09/2005

IN THE CIRCUIT COURT OF MONTGOMERY JUDGE: CNP

STATE OF ALABAMA VS BURTON TAIWAN RENARD
P.O.BOX 1107
CASE: CC 1991 000952.60
ELMORE, AL 36025 0000

DOB: 12/23/1972 SEX: M RACE: B HT: 5 08 WT: 144 HR: BLK EYES:
SSN: 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 ALIAS NAMES:

CHARGE [redacted]
OFFENSE DATE: 02/16/1991 CODE01: RULE LIT: RULE 32-FELONY TYP: F #: 001
AGENCY/OFFICER: 0030100

DATE WAR/CAP ISS: DATE ARRESTED: 02/18/1991
DATE INDICTED: DATE FILED: 01/28/2005
DATE RELEASED: DATE HEARING:
BOND AMOUNT: $.00 SURETIES:

DATE 1: DESC: TIME: 0000
DATE 2: DESC: TIME: 0000

TRACKING NOS: CC 1991 000952 00 / /

DEF/ATY: TYPE: TYPE:

00000 00000

PROSECUTOR:

OTH CSE: CC199100095200 CHK/TICKET NO: GRAND JURY:
CRT REPORTER: SID NO: 011953550
L. STATUS: PRISON DEMAND: OPER: TOR

| TRANS DATE | ACTIONS, JUDGEMENTS, AND NOTES | | OPE |
|---|---|---|---|
| 02/09/2005 | ASSIGNED TO: (CNP) CHARLES PRICE | (AR01) | TOR |
| 02/09/2005 | DEFENDANT ARRESTED ON: 02/18/1991 | (AR01) | TOR |
| 02/09/2005 | FILED ON: 01/28/2005 | (AR01) | TOR |
| 02/09/2005 | CHARGE 01: RULE 32-FELONY/#CNTS: 001 | (AR01) | TOR |
| 02/09/2005 | INITIAL STATUS SET TO: "P" - PRISON | (AR01) | TOR |
| 02/09/2005 | CASE ACTION SUMMARY PRINTED | (AR08) | TOR |
| 02/09/2005 | CAS ATTACHMENT PRINTED | (AR08) | TOR |
| 2/09/05 | Copy of Rule 32 Sent to DA & Def. | | |
| 3/23/05 ✓ | Rule 32 Petition - Dismissed. | | |
| | Charles Price | | |
| 06/09/05 | Notice of Appeal w/ forms | | |
| [illegible]/23/05 | Appl. Transmittal to Crim Appls, AG & Def | | |
| 06/28/05 | Cert. of Final Judgment of Dismissal | | |