```
ACR0372              ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: ███████
OPER: TOR                   CASE ACTION SUMMARY
PAGE:   1                   CIRCUIT  CRIMINAL              RUN DATE: 08/29/2005
===============================================================================
IN THE CIRCUIT COURT OF MONTGOMERY                              JUDGE: CNP

STATE  OF  ALABAMA              VS       BURTON TAIWAN RENARD
                                         DRAPER C.CENTER
CASE: CC 1991 000952.61                  P.O.BOX 1107
                                         ELMORE, AL  36025 0000

DOB: 12/23/1972        SEX: M  RACE: B  HT: 5 08  WT: 144  HR: BLK EYES:
SSN: 418156592  ALIAS NAMES:

CHARGE01: ████████████████████ CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                           AGENCY/OFFICER: 0030100

DATE WAR/CAP ISS:                       DATE ARRESTED:
DATE      INDICTED:                     DATE      FILED: 08/26/2005
DATE      RELEASED:                     DATE   HEARING:
BOND       AMOUNT:           $.00       SURETIES:

DATE 1:              DESC:              TIME: 0000
DATE 2:              DESC:              TIME: 0000

TRACKING NOS: CC 1991 000952 00  /                       /

   DEF/ATY:                      TYPE:                           TYPE:

                          00000                       00000

PROSECUTOR:

===============================================================================
OTH CSE: CC199100095200 CHK/TICKET NO:                GRAND JURY:
COURT REPORTER: _____   SID NO:      011953550
DEF STATUS: PRISON                 DEMAND:                        OPER: TOR
===============================================================================
DATE        ACTIONS, JUDGEMENTS, AND NOTES
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|------|-------------------------------|
| 8/29/05 | Copy of Rule 32 Was Sent to DA on 8/18/05 |
| 9/19/05 | Rule 32 Motion – Denied. *Charles Price* |

**EXHIBIT**

H

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

TAIWAN BURTON,                      )
                                    )
            Plaintiff,              )
                                    )
      Vs.                           ) Case No.CC-92-952
                                    )
STATE OF ALABAMA,                   )
                                    )
            Defendant               )
                                    )
_____

PETITION FOR RELIEF FROM CONVICTION OR SENTENCE
PURSUANT TO RULE 32.1(f),
ALABAMA RULES OF CRIMINAL PROCEDURE

COME NOW, the petitioner in the above-styled cause, pro se, and petition this Honorable Court for relief pursuant to Rule 32.1(f), A.R.Cr.P., and as grounds therefore, the Petitioner avers and says as follows:

FACTS TO BE AMENDED

1.   On the 31st day of January, 2005, Petitioner filed Petition for post-conviction relief pursuant to Rule 32, A.R.Cr.P.

2.   Petitioner file several Motions inquiring from the Circuit Clerk the Status of the Rule 32 petition he filed. The Circuit Clerk responded several times indicating no decision had been made at. (See Copy of status Motions Attached hereto as Exhibits #1, #2, and #3). Wherein, the last Status Motion the clerk indicate that: "On 3-23-05 your Rule 32 was dismissed".

3.    The Circuit Clerk did not send Petitioner a copy of the judge's decision on his Rule 32 petition, until June 8, 2005.

4. Petitioner filed Notice of Appeal on June 9th, 2005.

5.    The Court Of Criminal Appeals Ordered that Petitioner's appeal be Dismissed as untimely filed on June 28, 2005. (See Criminal Appeals No. CR-04-1927).

6.    Petitioner filed Petition for Writ of Mandamus to the Court of Criminal Appeals.  Writ was denied July 25, 2005, pursuant to remedy availability of Rule 32.1(f). Wherein, pursuant to the Alabama Supreme Court's Order amending Rule 32.1 and Rule 32.2 at 890 So.2d Appendix A, B, and C (Ala. 2005), Petitioner may seek out-of-time appeal from dismissal or denial of petition previously filed within 6 months of discovery of dismissal or denial. Id.

## FACTS OF THE CASE

7    The Petitioner enter a plea of guilty to the offense of Rape in the first degree on April 10, 1992, in the Circuit Court of Montgomery County, Alabama, before the Honorable Charles Price, Circuit Judge. The Petitioner informed his attorney and the Court at the time his plea was entered that he was in fact not guilty of the offense of Rape in the first degree, that his actions were not at any time the alleged victim's right nor state law, but

that, he was entering the plea because he deemed it in his best interest to do so. The Honorable John Cason, attorney at law, represented the Petitioner at said time. There was an expressed agreement between the Petitioner and the State of Alabama as to the sentence the Petitioner would receive in exchange for his plea of guilty in this cause; the Petitioner never testified at the trial stage of this case.

8.   On April 10, 1992, the date set for the Petitioner's Sentencing Hearing, the Petitioner was sentenced by Judge Price the ninety-nine (99) years in the state penitentiary.   The Petitioner did not testified at his sentencing hearing prior to sentencing.

9.   The Petitioner says that he was never informed of his rights to appeal his conviction and sentence, and sentence, was without fault on his part.   Petitioner contends that if he had known he could have appeal he would have wanted an appeal with the primary issue being ineffective assistance of counsel.

10.   The Petitioner filed post-conviction (Rule 32, A.R.Cr.P.) proceeding, and an appealed of the denial of the post-conviction by the Circuit Court of Montgomery County, Alabama. The Petitioner has not previously filed any other petitions, application or Court, State or Federal.

11.   The Petitioner is now incarcerated in the Draper Correctional Center in Elmore County, Alabama 36025.

12.   The attorney who represented the Petitioner at the time of his preliminary hearing at trial, at the his plea of guilty was entered, and at the time of his sentencing was the Honorable John Cason, 4215 Carmichael Rd. Montgomery, AL 36106.

13. Petitioner has not hitherto filed any petition attacking his conviction or sentence in this case. Petitioner does not have any petition or appeal now pending in any court, either State or Federal, as to the judgment under attack in this cause.

14. The Petitioner does not have any future sentence imposed by the completion of the sentence imposed by the judgment presently under attack.

## GROUNDS OF PETITION

The Petitioner (hereinafter "Burton") is entitled to relief pursuant to Rule 32, A.R.Cr.P. In that, the Constitution of the United State or of the State of Alabama requires a new trial, a new sentence proceeding and/or other relief due to the following:

15. Burton, conviction was obtained by a plea of guilty, which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and/or the consequences of his plea. Specifically, to the

offense of Rape in the first degree in exchange for a sentence of 15 years split 3 years sentence to serve.

16. Burton pleading guilty to the offense of Rape, but the Court in fact sentenced Burton to ninety-nine (99) years in the penitentiary. In which he will serve actually serve as much time prison as he would with a life sentence, the maximum sentence he could have receive for his offense.

17. When a plea rests in any significant degree on a promise or agreement of the prosecutor so that it can be said to be part of the inducement or consideration, such promise or agreement must be fulfilled Rule 14.3(c)(2)(iv), A.R.Cr.P.; Calloway v. State, 860 So.2d 900 (Ala.Cr.App. 2002) Burton's plea of guilty was induced by the affirmative misrepresentation of counsel; Counsel advised Burton that there was no likelihood that he would be acquitted or convicted of a lesser offenses, that his conviction for Rape in the first degree was a practical certainly, when in fact, Burton had a meritorious defense to the charge.

18. Hence, Burton's plea was not voluntarily, knowingly or intelligently entered, and his conviction Burton further says that he was not informed of his due to be set-aside on that ground alone. Burton further to say that he was not informed of his right to appeal and have appeal in violation of § 12-22-130 of the Alabama Code (1975) and

AC

**Case Number**

CC91-952.61

ID    YR    NUMBER
(To be completed
by Court Clerk)    Cups

# IN FORMA PAUPERIS DECLARATION

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY ALABAMA
[Insert appropriate court]

## TAIWAN BURTON
(Petitioner)

vs.

## STATE OF ALABAMA
(Respondent(s)

### DECLARATION IN SUPPORT OF REQUEST TO PROCEED
### IN FORMA PAUPERIS

I, __TAIWAN BURTON_____ , declare that I am the petitioner
in the above entitled case; that in support of my motion to proceed without being required to prepay
fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs
of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?    Yes _____        No __✓__

    a. If the answer is "yes", state the amount of your salary or wages per month, and give the
    name and address of your employer.

    _____

    _____

    b. If the answer is "no", state the date of last employment and the amount of the salary and
    wages per month which you received.

    _____

    _____

2. Have you received within the past twelve months any money from any of the following sources?

    a. Business, profession, or other form of self-employment?

       Yes _____        No __✓__

    b. Rent payments, Interest, or dividends?

       Yes _____        No __✓__

    c. Pensions, annuities, or life insurance payments?

       Yes _____        No __✓__

    d. Gifts or inheritances?

       Yes _____        No __✓__

    e. Any other sources?

       Yes _____        No __✓__

AUG 2005
Filed
Melissa Rittenour
Circuit Clerk

**RECEIVED**

8/26/05

8/9/05 was sent to wrong Judge. TR

8/18/05 original sent to judge em
hardship. Copy sent to DA. TR

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

_____

_____

_____

_____

3.  Do you own cash, or do you have money in a checking or savings account?

Yes _____          No ✓

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

_____

_____

_____

4.  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____          No ✓

If the answer is "yes", describe the property and state its approximate value.

_____

_____

_____

5.  List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

_____

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on ___7-27-05___
                    (Date)

_____
Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ _0.00_ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _Draper Corr. Fac._ institution:

_____

_____

___7-28-05___
DATE

_____
F.S. Brown Acct Clerk
AUTHORIZED OFFICER OF INSTITUTION

Rule 32

3

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
DRAPER CORRECTIONAL FACILITY

AIS #: 167305      NAME: BURTON, TAIWAN RENARD           AS OF: 07/27/2005

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| JUL   | 4         | $0.19             | $0.00            |
| AUG   | 31        | $3.35             | $100.00          |
| SEP   | 30        | $7.45             | $165.00          |
| OCT   | 31        | $3.97             | $50.00           |
| NOV   | 30        | $4.49             | $60.00           |
| DEC   | 31        | $13.25            | $120.00          |
| JAN   | 31        | $0.63             | $0.00            |
| FEB   | 28        | $5.24             | $40.00           |
| MAR   | 31        | $8.30             | $60.00           |
| APR   | 30        | $0.89             | $0.00            |
| MAY   | 31        | $0.69             | $0.00            |
| JUN   | 30        | $18.75            | $100.00          |
| JUL   | 27        | $0.00             | $0.00            |

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

TAIWAN BURTON,                    )
                                  )
              Plaintiff,          )
                                  )
    Vs.                           )    Case No.CC-92-952  91-952
                                  )
STATE OF ALABAMA,                 )
                                  )
              Defendant           )
_____)

PETITION FOR RELIEF FROM CONVICTION OR SENTENCE
PURSUANT TO RULE 32.1(f),
ALABAMA RULES OF CRIMINAL PROCEDURE

        COME NOW, the petitioner in the above-styled cause, pro

se, and petition this Honorable Court for relief pursuant

to Rule 32.1(f), A.R.Cr.P., and as grounds therefore, the

Petitioner avers and says as follows:

FACTS TO BE AMENDED

        1.    On the 31st day of January, 2005, Petitioner filed

Petition for post-conviction relief pursuant to Rule 32,

A.R.Cr.P.

        2.    Petitioner file several Motions inquiring from the

Circuit Clerk the Status of the Rule 32 petition he filed.

The Circuit Clerk responded several times indicating no

decision had been made at. (See Copy of status Motions

Attached hereto as Exhibits #1, #2, and #3). Wherein, the

last Status Motion the clerk indicate that: "On 3-23-05

your Rule 32 was dismissed".

-1-

3.    The Circuit Clerk did not send Petitioner a copy of the judge's decision on his Rule 32 petition, until June 8, 2005.

4.  Petitioner filed Notice of Appeal on June 9th, 2005.

5.    The Court Of Criminal Appeals Ordered that Petitioner's appeal be Dismissed as untimely filed on June 28, 2005. (See Criminal Appeals No. CR-04-1927).

6.    Petitioner filed Petition for Writ of Mandamus to the Court of Criminal Appeals.  Writ was denied July 25, 2005, pursuant to remedy availability of Rule 32.1(f). Wherein, pursuant to the Alabama Supreme Court's Order amending Rule 32.1 and Rule 32.2 at 890 So.2d Appendix A, B, and C (Ala. 2005), Petitioner may seek out-of-time appeal from dismissal or denial of petition previously filed within 6 months of discovery of dismissal or denial. Id.

## FACTS OF THE CASE

7    The Petitioner enter a plea of guilty to the offense of Rape in the first degree on April 10, 1992, in the Circuit Court of Montgomery County, Alabama, before the Honorable Charles Price, Circuit Judge. The Petitioner informed his attorney and the Court at the time his plea was entered that he was in fact not guilty of the offense of Rape in the first degree, that his actions were not at any time the alleged victim's right nor state law, but

that, he was entering the plea because he deemed it in his best interest to do so. The Honorable John Cason, attorney at law, represented the Petitioner at said time. There was an expressed agreement between the Petitioner and the State of Alabama as to the sentence the Petitioner would receive in exchange for his plea of guilty in this cause; the Petitioner never testified at the trial stage of this case.

8.    On April 10, 1992, the date set for the Petitioner's Sentencing Hearing, the Petitioner was sentenced by Judge Price the ninety-nine (99) years in the state penitentiary.    The Petitioner did not testified at his sentencing hearing prior to sentencing.

9.    The Petitioner says that he was never informed of his rights to appeal his conviction and sentence, and sentence, was without fault on his part. Petitioner contends that if he had known he could have appeal he would have wanted an appeal with the primary issue being ineffective assistance of counsel.

10.    The Petitioner filed post-conviction (Rule 32, A.R.Cr.P.) proceeding, and an appealed of the denial of the post-conviction by the Circuit Court of Montgomery County, Alabama. The Petitioner has not previously filed any other petitions, application or Court, State or Federal.

11.    The Petitioner is now incarcerated in the Draper Correctional Center in Elmore County, Alabama 36025.

12. The attorney who represented the Petitioner at the time of his preliminary hearing at trial, at the his plea of guilty was entered, and at the time of his sentencing was the Honorable John Cason, 4215 Carmichael Rd. Montgomery, AL 36106.

13. Petitioner has not hitherto filed any petition attacking his conviction or sentence in this case. Petitioner does not have any petition or appeal now pending in any court, either State or Federal, as to the judgment under attack in this cause.

14. The Petitioner does not have any future sentence imposed by the completion of the sentence imposed by the judgment presently under attack.

## GROUNDS OF PETITION

The Petitioner (hereinafter "Burton") is entitled to relief pursuant to Rule 32, A.R.Cr.P. In that, the Constitution of the United State or of the State of Alabama requires a new trial, a new sentence proceeding and/or other relief due to the following:

15. Burton, conviction was obtained by a plea of guilty, which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and/or the consequences of his plea. Specifically, to the

offense of Rape in the first degree in exchange for a sentence of 15 years split 3 years sentence to serve.

16. Burton pleading guilty to the offense of Rape, but the Court in fact sentenced Burton to ninety-nine (99) years in the penitentiary. In which he will serve actually serve as much time prison as he would with a life sentence, the maximum sentence he could have receive for his offense.

17. When a plea rests in any significant degree on a promise or agreement of the prosecutor so that it can be said to be part of the inducement or consideration, such promise or agreement must be fulfilled Rule 14.3(c)(2)(iv), A.R.Cr.P.; Calloway v. State, 860 So.2d 900 (Ala.Cr.App. 2002) Burton's plea of guilty was induced by the affirmative misrepresentation of counsel; Counsel advised Burton that there was no likelihood that he would be acquitted or convicted of a lesser offenses, that his conviction for Rape in the first degree was a practical certainly, when in fact, Burton had a meritorious defense to the charge.

18. Hence, Burton's plea was not voluntarily, knowingly or intelligently entered, and his conviction Burton further says that he was not informed of his due to be set-aside on that ground alone. Burton further to say that he was not informed of his right to appeal and have appeal in violation of § 12-22-130 of the Alabama Code (1975) and

Rule 26.9(b)(4), A.R.Cr.P. Which is jurisdictional. Landcaster v. State, 638 So.2d 1370 (Ala.Cr.App. 1993).

19. Under Alabama law, there is no timeliness requirement for filing a motion to withdraw a plea of guilty. Under A.R.Cr.P. 14.4(e), a plea of guilty shall be withdrawn at any time "when Necessary to correct a manifest injustice. "There is no requirement in A.R.Crim.Proc. 14.4(e) that the issue be preserved in a motion for new trial or otherwise.

In this case, the manifest injustice is the adjudication of guilty premised upon sixteen (16) years old Taiwan Renard Burton's unknowing, unintelligent and involuntary decision to plea guilty. Because the trial Judge failed to carry out the terms of the plea agreement, Burton was deprived of his ability to make an informed decision concerning his legal options and ramifications thereof, and because his attorney rendered ineffective assistance of counsel.

20. A plea of guilty does not relieve Burton's counsel of responsibility to (1) investigate defense; (2) be familiar with avenues leading to facts relevant to guilt or degree of guilt. A guilty plea cannot be voluntary where it is shown that Burton's only choice was either to face sure conviction because his attorney was unfamiliar wit the law and facts or to plead guilty. Strickland v. Washington, 466

U.S. 668 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984); <u>Baxter v.</u> <u>State</u>, 360 So.2d 64 (Ala.Cr.App. 1978). The trail Court erred when it accepted the Petitioner's guilty plea without evidence necessary to the making of a determination that there was a factual basis for the plea. <u>Russell v. State</u>, 428 So.2d 131 (Ala. 1982).

21. Burton contends that he is actually innocent of the crime of Rape in the first degree and Sharon Redding would have testified that Burton's action concerning this matter were not violation of state law, and but for counsel's failure to investigate and interview witnesses, the results of the proceedings would have been different. Burton would have been and witnesses, who would have testified that Burton is innocent of the charge of Rape. Burton further says that he did not Rape the victim in this case. Burton was arrested and charged wit said crime. He has an I.Q. below 52 and not cable of representing himself.

22. It is the Burton's contends that the allegations raised herein show that Counsel's failure to conduct meaningful pretrial investigation satisfies the first prong of the Strickland test. <u>Aldrich v. Wainwright</u>, 777 F.2d 630 (11th Cir. 1985); comparing cases, e.g., <u>Kimmelman v.</u> <u>Marrison</u>, 477 U.S. 365 (1986), where the court concluded that counsel's performance was deficient because of a failure to investigate. Id.

23. The Burton further contends that the cumulative effects of the errors complained of above prejudiced him and were so serious when taken together that counsel was not functioning as counsel guaranteed by the Sixth Amendment. Strickland v. Washington, id.

24. Burton was denied effective assistance counsel as guaranteed by the Sixth and Fourteenth Amendment to the United State Constitution. The factual allegations of Paragraph #11 above and the related paragraph clearly support the Petitioner's contention that counsel was ineffective, and the Petitioner adopts and realleges the averments of that paragraph as completely as if fully set out herein.

25. The Burton is entitled to an evidentiary hearing on the matter and issues raised herein. Under the circumstances of this case, the issues could not have been raised in direct appeal and are not procedurally barred Henderson v. State, 586 So.2d 1009 (Ala. 1991).

WHEREFORE THE PREMISES CONSIDERED, Taiwan Burton prays that this Honorable Court grant him an out-of-time appeal on the issues and matter raised herein or an evidentiary hearing and any and all relief to which he may show himself entitled.

Done this ___1___ day of __Aug___, 2005.

Respectfully Submitted,

Taiwan R. Burton

## PETITIONER'S VERIFICATION UNDER OATH
## SUBJECT TO PENALTY FOR PERJURY

I Swear under penalty of perjury that the foregoing is true and correct.
Done this ___01st___ day of ___August___, 2005.

_____
Petitioner's Signature

SWORN TO AND SUBSCRIBED before me on this the 01st day of ___August___, 2005.

my Commission EXPiRES', 03-11-06    _____
NOTARY PUBLIC

## CERTIFICATE OF SERVICE

I hereby certify that on this ___1___ day of ___Aug.___, 2005, a copy of the foregoing document was served by first class mail, postage prepaid, on the District Attorney for the Fifteenth Judicial of Alabama.

_____
OF PETITIONER

Address of Petition:
Taiwan Burton
P.O. Box 1107
Elmore, Alabama 36025



# IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
## MONTGOMERY COUNTY, ALABAMA

TAIWAN BURTON,  )
    Petitioner,  )
      )
v.  )  Case No.:  CC–92–952–CNP
      )
STATE OF ALABAMA,  )
    Respondent.  )

## STATE'S ANSWER TO PETITION FOR
## RELIEF FROM CONVICTION OR SENTENCE

**COMES NOW** the State of Alabama, by and through its District Attorney for the Fifteenth Judicial Circuit, Eleanor I. Brooks, and moves this Honorable Court to dismiss the Petition for Post Conviction Relief pursuant to Rule 32, Alabama Rules of Criminal Procedure, and as grounds states the following:

## PROCEDURAL HISTORY

Taiwan Burton was indicted by the Montgomery County Grand Jury on April 10, 1991 for the offenses of Rape in the First Degree, two counts, in violation of, § 13A-6-61, Code of Alabama 1975. The Honorable John Cason was retained to represent Mr. Burton in this matter.

On March 20, 1992, the Defendant pled guilty as charged to in the indictment to one count of Rape I, case number CC 1991-952. The Court conducted a sentencing hearing on April 10, 1992. The Court sentenced the Petitioner to ninety-nine (99) years in the penitentiary. The defendant retained new counsel following sentencing, Keith Ausborn.

On May 8, 1992, the Petitioner filed a Motion to Reconsider Sentence which was denied by this Court. The Petitioner filed a Write of Habeas Corpus on December 8, 1992 which was denied by this Court. The Petitioner filed his first Rule 32 Petition for

Relief from Conviction or Sentence on July 11, 1994 which was denied by this Court. The Petitioner filed his second Rule 32 Petition for Relief from Conviction or Sentence on January 31, 2005. Said petition was denied on March 23, 2005. Petitioner filed a successive third Rule 32 Petition for Relief from Conviction or Sentence on August 26, 2005.

## ALLEGED GROUNDS FOR RELIEF

As a basis for this Petition, Mr. Burton alleges the following grounds in support of his claims:

1. Petitioner was denied effective assistance of trial counsel.
2. Petitioner's guilty plea was unlawfully induced or not made voluntary with understanding of the nature of the charge and consequences of the plea.

The State contends that all averments made by Petitioner are baseless and are due to be denied.

## ARGUMENT

## I. INEFFECTIVE ASSISTANCE OF COUNSEL
## A. STANDARD OF REVIEW

To prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that he was prejudiced by that deficient performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). This Court must avoid using the benefit of hindsight and must evaluate counsel's conduct as of the time of trial. Ex parte Lawley, 512 So. 2d 1370 (Ala. 1987). When the Court is reviewing a claim of ineffective assistance of counsel, it must indulge a strong presumption that counsel's conduct was appropriate and reasonable. The Court stated:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court,

> examining counsel's defense after it has proved unsuccessful, to conclude that a particular act, or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct fall within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

Strickland, 466 U.S. at 689, 104 S.Ct. at 2065 (citations omitted). "Counsel's conduct must be considered within the context of the facts of the particular case and as of the time of the alleged misconduct." Ex parte Baldwin, 456 So. 2d 129, 134 (Ala. 1984), aff'd, 472 U.S. 373, 105 S.Ct. 2727 (1985).

Even if deficient performance is proved, a showing of prejudice is also required. A claimant must show that "but for" counsel's deficient performance the results of the proceedings would have been different. Howard v. State, 551 So. 2d 1155, 1158 (Ala.Crim.App. 1989). Prejudice is proved only when there "exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Burnett v. State, 651 So. 2d 57, 58 (Ala.Crim.App. 1994); citing Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial." Id. To prove prejudice, the alleged errors of counsel must "so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993); citing Kimmelan v. Morrison, 477 U.S. 365, 374 (1986).

## B. APPLICATION OF STANDARD TO PETITION

The State contends that Petitioner's allegations are without merit. Petitioner was represented in this matter by extremely able and experienced counsel who at all times acted competently and professionally. Mr. Cason, defense counsel, represented Petitioner

at the time Petitioner pled guilty. Apart from bare allegations by Petitioner, there is no evidence whatsoever to support Petitioner's claim of ineffective assistance of counsel. Petitioner made a voluntary decision to plead guilty after being fully apprised of his rights. The Court record reflects as much. (See Explanation of Rights form). Furthermore, Strickland requires this Court to examine defense counsel's conduct and Petitioner's plea with a strong presumption that counsel's conduct was appropriate and reasonable. Strickland, 466 U.S. at 689. When defense counsel's conduct is examined in such a light, it becomes evident that Petitioner's argument is unfounded. Where the petitioner failed to allege facts sufficient to support his allegations of ineffective assistance of counsel, summary dismissal of the petition was proper. Boles v. State, 717 So.2d 877 (Ala.Crim.App.1998).

## II.    INVOLUNTARINESS OF PLEA

Petitioner alleges that he was coerced into pleading guilty to the crime of Rape in the First Degree based on an expectation. Petitioner hoped to be granted a lenient sentence by the Court, specifically a fifteen-year sentence split to serve three years in the penitentiary. Defense counsel petitioned the Court for a lenient sentence, but the Petitioner was ultimately sentenced to 99 years in the penitentiary.

There is a logical disconnect between Petitioner's argument and the facts. Sentencing is a discretionary matter which is ultimately solely within the judgment of the Court. This Court chose to sentence the Petitioner to 99 years in the penitentiary. Petitioner pled guilty to the crime of Rape in the First Degree prior to sentencing. There is no evidence that the Court or any officer of the court attempted to coerce the Petitioner with a lenient sentence. In fact, when questioned by this Court about any promises made in exchange for his plea of guilty, Petitioner denied such an agreement. Petitioner made a voluntary decision to plead guilty after being fully apprised of his rights, including the

range of punishment that the Petitioner might receive.  The Court record reflects as much.  (See Explanation of Rights form).  Therefore the Petitioner's guilty plea was not unlawfully induced, obtained by coercion or made involuntarily without understanding of the nature of the charge and consequences of his plea.

## CONCLUSION

Petitioner's claims are procedurally barred under Rule 32.2 (b) as a successive petition and his petition is precluded by the statute of limitations prescribed in the A.R.Crim.P. under Rule 32.2(c).  The petitioner has failed to meet this burden of proof as prescribed by Rule 32.3 A.R.Cr.P.  The Petitioner is not entitled to an evidentiary hearing because the petition is not meritorious on its face due to the failure to factually address the claims.  *Johnson v. State,* 555 So.2d 216 (Ala.1989).  Furthermore, a petition can be dismissed if there is not a set of facts, which could support the relief sought.  *Lockett v. State,* 644 So.2d 34 (Ala.1994); *Young v. State,* 667 So.2d 141 (Ala.1995).  There is sufficient evidence to support Petitioner's conviction and sentence; thus, Mr. Burton's petition is due to be denied.  Therefore, the Respondent, the State of Alabama, moves this Honorable Court to dismiss, with prejudice, Mr. Burton's Petition For Relief From Conviction and Sentence.

Respectfully submitted on this the __6th__ day of September, 2005.

ELEANOR I. BROOKS
DISTRICT ATTORNEY

By:    _____
TRISHA L. MELLBERG (MEL016)
Deputy District Attorney

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the Petitioner, Taiwan Burton, by hand delivery, or by placing same in the appropriate Courthouse Box, or by placing the same in the U. S. Mail, postage prepaid and properly addressed this the __19th__ day of __September__, 2005.

Taiwan Burton
AIS# 167305 [6-96]
P.O. Box 1107
Elmore, Alabama 36025

ELEANOR I. BROOKS
DISTRICT ATTORNEY


TRISHA L. MELLBERG (MEL016)
Deputy District Attorney

Exhibit # 7

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

TAIWAN BURTON,                    )
                                  )
      Petitioner,       )
                                  )
   Vs.                          )  Case No. CC-92-952
                                  )
STATE OF ALABAMA,                 )
                                  )
     Respondents.      )
                                  )

### PETITIONER'S OBJECTION TO
### STATE'S ANSWER TO PETITION FOR POST-CONVICTION RELIEF

COME NOW, the Petitioner in the above-styled cause of Rule 32.3 A.R.Cr.P., pro se, and show that he petitioned this Honorable Court for relief pursuant to Rule 32.1(f), A.R.Cr.P., in the following manner:

1.    Your Honor: Respectfully, the Alabama Supreme Court's Order amending Rule 32.1(f) and Rule 32.2(c) _Alabama Rule Criminal Procedure_ , which became effective June 1, 2005 renders Respondents' reliance on Preclusion Grounds of Rule 32.2(b) (successive petition), and Rule 32.2(c) (Statute of Limitation), misplaced. In that, the Alabama Supreme Court's Order, amending Rule 32.2(c) and Rule 32.1(f) the Court held that: "the amendment to Rule 32.2(c) sets a deadline of six months from discovery for filing a Rule 32.1(f) petition seeking an out-of-time appeal from the dismissal or denial of a previously filed Rule 32 petition; it expressly preserves the existing one-year deadlines for the filing of the previously filed petition." (See Order in Appendix A; B, and C of Bound volume Alabama Reporter 890 So.2d).

2.    In Petitioner's Rule 32.1(f) petition, the Petitioner successfully argued without objections or being refuted by the Respondent that: "On the 31st day of January,

2005, Petitioner filed Petition for post-conviction relief pursuant to Rule 32, A.R.Cr.P. Wherein, the Court acknowledged that the Stated waived statute of limitation.

3.    That Petitioner filed several Motions inquiring from the Circuit Clerk the Status of the Rule 32 petition he filed. The Circuit Clerk responded several times indicating no decision had been made at. (With status Motions Attached thereto as Exhibits #1,#2, and #3). Wherein, on the last Status Motion answered by the Circuit Clerk it is indicated that: "On 3-23-05 your Rule 32 was dismissed".

4.    That the Circuit Clerk did not send Petitioner a copy of the judge's decision on his Rule 32 petition, until June 8, 2005.

5.    That Petitioner filed Notice of Appeal on June 9th, 2005.

6.    That the Court Of Criminal Appeals Ordered that Petitioner's appeal be Dismissed as untimely filed on June 28, 2005. (See Criminal Appeals No. CR-04-1927).

7.    That Petitioner filed Petition for Writ of Mandamus to the Court of Criminal Appeals, seeking out-of-time appeal. Writ was denied July 25, 2005, pursuant to remedy availability of Rule 32.1(f). Wherein, pursuant to the Alabama Supreme Court's Order amending Rule 32.1(f) and Rule 32.2(c) at 890 So.2d Appendix A, B, and C (Ala. 2005), Petitioner may seek out-of-time appeal from dismissal or denial of petition previously filed within 6 months of discovery of dismissal or denial. Id.

8.    For this cause, Petitioner is due relief requested. It is well settled that: "[W]hen the state does not response to a petitioner's allegations, the refuted statement of facts must be taken as true". Chaverst v. State, 517 So.2d 643, 644 (Ala.cr.App.1987); Smith v. State, 581 So.2d 1283 (Ala.Cr.App.1991), and if [petitioner] alleges facts that, if true, would entitle him to relief, then the [circuit] court should order an evidentiary

2

hearing and rule on the merits of his claim. <u>McCoy v. Wainwright</u>, 804 F.2d 1196 1133-1200 (11th Cir. 1986).

9.      As for the merits of Petitioner's claims, "[i]t is well settled that a misrepresentation by a defendant's counsel, if material, may render a guilty plea involuntary." <u>Ford V. State</u>, 831 So.2d 641 (Ala.Cr.App.2001).

10.      The record made in this case shows that Petitioner produced both <u>audio tape</u> and <u>documentary evidences</u> of misrepresentation by counsel. Specifically instructing Petitioner to plea to the offense of Rape in the first degree in exchange for a sentence of 15 years split 3 years sentence to serve, specific to satisfy requirement of Rule 32.3 A.R.Cr.P, and render Petitioner's plea of guilty unlawfully induced or not made voluntarily with understanding of the nature of the charge and/or the consequences of his plea.

11.      Petitioner plead guilty to the offense of Rape, based on information given to him by counsel, but the Court in fact sentenced Burton to ninety-nine (99) years in the penitentiary, but for counsel's misrepresentation Petitioner would have wanted a trial by jury.

12. Under Alabama law, there is no timeliness requirement for filing a motion to withdraw a plea of guilty. Under <u>A.R.Cr.P.</u> 14.4(e), a plea of guilty shall be withdrawn at any time "when Necessary to correct a manifest injustice. "There is no requirement in <u>A.R.Crim.Proc.</u> 14.4(e) that the issue be preserved in a motion for new trial or otherwise.

13.      In this case, the manifest injustice is the adjudication of guilty premised upon sixteen (16) years old, at the time Taiwan Renard Burton's unknowing, unintelligent

and involuntary decision to plea guilty, and allowing his conviction to stand , after acknowledging his counsel's misrepresentation.

14.    Burton further to say that he was not informed of his right to appeal and have appeal in violation of § 12-22-130 of the Alabama Code (1975) and Rule 26.9(b)(4), A.R.Cr.P. Which is jurisdictional. Landcaster v. State, 638 So.2d 1370 (Ala.Cr.App. 1993). The State did not answer or refute this jurisdictional claim.

15.    Burton further submit that counsel's failure to provide effective assistance of counsel in the trial court, and made a sham and mockery of the proceedings and deprived him of his rights as guaranteed by the Sixth and Fourteenth amendments to the United States Constitution, as well as those guaranteed to him by Art. I, § 6 of the Alabama Constitution.

16.    The fact alleged mandate that, pursuant to the provisions of Rule 32, Alabama Rule Of criminal Procedures that Taiwan Burton's conviction and  sentence be vacated  and that he be afforded a new trial and/or sentencing proceeding.

WHEREFORE THE PREMISES CONSIDERED, Taiwan Burton prays that this Honorable Court grant him an out-of-time appeal on the issues and matter raised herein or an evidentiary hearing and any and all relief to which he may show himself entitled.

Done this 8th  day of  September  2005.

Respectfully Submitted,

Taiwan R. Burton

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of September  2005, a copy of the foregoing document was served by first class mail, postage prepaid, on the District Attorney for the Fifteenth Judicial of Alabama.

OF PETITIONER

**Address of Petition:**
**Taiwan Burton**
**P.O. Box 1107**
**Elmore, Alabama 36025**



*Exhibit #8*

# LETTER OF ENQUIRY

**To:**      Ms. Melissa R. Rittenour, Circuit Clerk

**From:**   Taiwan Burton

**Date:**    SEPTEMBER 22, 2005

**Subject:**   Taiwan Burton V. State of Alabama, Case No. CC-91-952.60

This requisition is for the status of the above-reference case, that was filed in this Court after Order of the Alabama Counrt of Criminal Appeals denied a Petition for writ of Mandamus, on July 25, 2005 , due to a remedy being available to Taiwan Burton, pursuant to Rule 32.1(f).

Your time, held and assistance in this matter is greatly appreciated.

cc:    Hon. Charles Price, Circuit Judge
       Hon. Eleanor I. Brooks, District Attorney
       Hon. H.W. "Bucky" McMillan, Presiding Judge Court of Criminal Appeals

Taiwan Burton

*Appeal was Dismissed on this case on 6-28-05.*



# OF CRIMINAL APPEALS
## STATE OF ALABAMA

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

(In re: State of Alabama vs. Taiwan Burton)   (Montgomery
2.60)

## ORDER

Of the above referenced Petition for Writ of Mandamus, the Court
ORDERS that said petition be and the same is hereby denied.
is to file a Rule 32 petition pursuant to newly amended Rule
of Criminal Procedure.

Done this the 14th day of November, 2005.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

Circuit Clerk
Pro Se
cuit Judge
y General
oks, District Attorney





CC91-952.60

# LETTER OF ENQUIRY

**To:**       Ms. Melissa R. Rittenour, Circuit Clerk

**From:**   Taiwan Burton

**Date:**    October 14, 2005

**Subject:**  Taiwan Burton V. State of Alabama, Case No. CC-91-952.60

This requisition is for the status of the above-reference case, that was filed in this Court after Order of the Alabama Counrt of Criminal Appeals denied a Petition for writ of Mandamus, on July 25, 2005, due to a remedy being available to Taiwan Burton, pursuant to Rule 32.1(f).

Your time, held and assistance in this matter is greatly appreciated.

cc:   Hon. Charles Price, Circuit Judge
      Hon. Eleanor I. Brooks, District Attorney
      Hon. H.W. "Bucky" McMillan, Presiding Judge Court of Criminal Appeals

_Taiwan Burton_
Taiwan Burton