IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TAIWAN BURTON, #167305, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:06-CV-141-WHA |
| | ) |
| JAMES DELOACH, et al., | ) |
| | ) |
|     Respondents. | ) |

**O R D E R**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Taiwan Burton ["Burton"], a state inmate, on February 14, 2006. In this petition, Burton challenges a conviction for first degree rape imposed upon him by the Circuit Court of Montgomery County, Alabama on March 20, 1992. The trial court sentenced Burton on April 10, 1992 to ninety-nine (99) years imprisonment for this conviction. Burton did not file a direct appeal and his rape conviction therefore became final by operation of law on May 22, 1992.

In accordance with the orders of this court, the respondents filed an answer in which they argue that the petition for habeas corpus relief is barred by the limitation period applicable to 28 U.S.C. § 2254 petitions, *see* 28 U.S.C. § 2244(d)(1),[1] as Burton failed to file the petition within the one-year "grace period" allowed in this Circuit. Specifically, the governing case law establishes that because Burton's rape conviction became final in 1992,

---

[1] The Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") added the limitation period and became effective on April 24, 1996.

well before the effective date of the AEDPA, he had until April 23, 1997 in which to file a § 2254 petition as he filed no state post-conviction petition challenging his conviction pending during the year after the date of enactment of the AEDPA which is date on which the limitation period began to run.  *See Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998); *Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998).  Although Burton filed a state post-conviction action on December 4, 1992 which remained pending before the state courts until April 4, 1995, this action had no affect on the limitation period as it was filed and adjudicated by the state courts prior to April 24, 1996 -- the date of the AEDPA's enactment.  With respect to the Rule 32 petitions filed by Burton in January and August of 2005, these petitions likewise failed to impact the limitation period as Burton filed the petitions after expiration of the limitation period and such actions therefore failed to be "pending" during the requisite time period as required by the provisions of 28 U.S.C. § 2244(d)(2) for tolling purposes.  *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000).  Thus, the respondents maintain that the present federal petition for habeas corpus relief is time barred.

     Upon review of the pleadings and evidentiary materials filed in this case, it is clear that Burton failed to file the instant § 2254 petition within the time allowed by the law of this Circuit.  Title 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of

the challenged judgment expired. The Circuit Court of Montgomery County, pursuant to a guilty plea, entered the challenged rape conviction upon Burton on March 20, 1992. The trial court imposed sentence for this conviction on April 10, 1992. Burton did not file a direct appeal. In light of the foregoing and by operation of law, the rape conviction became final on May 22, 1992 -- forty-two days after imposition of sentence as this is the date on which Burton's time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. Burton's rape conviction therefore became final prior to enactment of the AEDPA. If this court retroactively applied the AEDPA, the one-year limitation period contained in section 2244(d)(1)(A) would have expired on Burton's conviction in 1993. However, the Eleventh Circuit has held that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Burton], whose convictions became final long prior to the effective date of the AEDPA . . . 'would be unfair, and impermissibly retroactive.' [*Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)]." *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998). The Court further determined that prisoners in this position must be allowed a reasonable period of time after enactment of § 2244(d)'s one-year period of limitation to file their § 2254 petitions, and determined that "a reasonable time" is until April 24, 1997 -- "one year from the AEDPA's effective date." *Id*.

     As previously noted, Burton's rape conviction became final on May 22, 1992. The initial state post-conviction action filed by Burton challenging his rape conviction was filed and dismissed prior to adoption of the limitation period. The applicable limitation period

3

therefore began to run on April 24, 1996 upon enactment of the AEDPA and ran uninterrupted until its expiration. The law provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). The record demonstrates that Burton filed two state post-conviction petitions under Rule 32, *Alabama Rules of Criminal Procedure* -- the first in January of 2005 and the second in August of 2005. However, these actions did not toll the one-year period of limitation relevant to this federal habeas action as they were filed after the one-year period of limitation had expired. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000) ("[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll
that period because there is no period remaining to be tolled."); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("The plain language of the statute provides for tolling '[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending.' 28 U.S.C. § 2244(d)(2). While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court

only tolls the time remaining within the federal limitation period.").

In light of the foregoing, the court concludes that the tolling provision provided in § 2244(d)(2) is unavailing and the time allowed Burton for the filing of a federal habeas petition expired on April 24, 1997. Burton filed the instant habeas petition February 14, 2006. Under the circumstances of this case as outlined in this order, the reasonable time period afforded Burton under *Goodman* and *Wilcox* to file a federal habeas petition expired over eight (8) years prior to Burton filing this federal habeas petition. Accordingly, it is

ORDERED that on before April 17, 2006 Burton shall show cause why this petition for federal habeas corpus relief should not be dismissed as it was not filed within the requisite reasonable time period after enactment of the AEDPA.

Done this 28th day of March, 2006.

/s/ Delores R. Boyd
UNITED STATES MAGISTRATE JUDGE