RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TAIWAN BURTON, | ) |
| Petitioner, | ) |
| Vs. | ) CIVIL ACTION NO.2:06-CV-141-WHA |
| JAMES DELOACH, ET AL, | ) |
| Respondents. | ) |

## CAUSE AND PREJUDICE

COME NOW, the petitioner in the above-styled cause, pro se, and as Ordered by this Honorable Court on March 28th 2006 in the following manner:

I. **SUMMARY**

On the January 31 2005, Burton filed a Petition for post-conviction relief, pursuant to Rule 32, Alabama Rule of Criminal Procedure, pro se, in the Circuit Court of Montgomery County, Alabama. In the Petition, Burton argued the following:

> "$^1$That he is actually innocent. $^2$That witness, Sharon Redding could have support facts that Burton's actions, charged in this case, was blown up, and not a violation of state law. $^3$That Burton's Sixth and Fourteenth Amendments rights to effective assistance of counsel was denied. $^4$That counsel failed to investigate and interview witnesses, and only sought a plea agreement. $^5$That Burton's plea of guilty was induced by

1

the affirmative misrepresentations of his attorney, which was witnessed by Barbara Patterson, a sibling of Burton and is preserved on an audio tape recording of the same, complained of, and unanswered and unrefuted by the State. Counsel advised Burton to plea guilty to the offense of rape in the first degree in exchanged for a 15-split-3-year sentence. After following instruction of attorney Burton instead received a 99-year sentence, and but for attorney's misrepresentation. Burton would have wanted a trial by jury, and [6]"that he was never informed of his rights to direct appeal and appointment of counsel on appeal if he could not afford one". Burton also asserted that his attorney had been disbarred before Court denied his first Rule 32 petition, and the Court did not inform him of the court's order of February 21, 1995. (See Exhibit G of State's Supplemental Response).

## II. COURSE OF PROCEEDINGS

a. The State Responded to Burton's petition on February 22, 2005 with a general response, and waiving procedural bars of Rule 32.2(c) statute of limitation and Rule 32.2(b) successive petition. (See Burton's Exhibit #1 attached hereto).

b. Burton filed objection, pursuant to Rule 32.3, A.R.Cr.P., refuting state's response and requested an evidentiary hearing, but no ruling was made known to Burton by the circuit court on his petition.

c. Petitioner made several inquiries to the Circuit Clerk of the Status of his Rule 32 petition filed January 31 2005. The Circuit Clerk responded several times indicating no decision made. (See Copy of status Motions Attached hereto as Exhibits #2, #3, and #4, the last Status Motion the clerk indicate that: "On 3-23-05 your Rule 32 was dismissed").

d. The Circuit Clerk did not send the Petitioner a copy of the judge's decision on his Rule 32 petition, until June 8, 2005, and the denial of the Rule 32 petition was a general response, failing to address the merits, or a claim of a procedural bar. (See Court's Ruling Attached hereto as Exhibit #5).

e. After learning of the denial of his January 31, 2005 petition, Petitioner filed Notice of Appeal on June 9 2005.

## III. DISPOSITION IN THE COURT BELOW

a. The Court of Criminal Appeals Ordered that Petitioner's appeal be Dismissed as untimely filed on June 28, 2005, and Certificate of Judgment issued on the same date. (See Exhibits #6 and #7 attached hereto).

b. Petitioner filed Petition for Writ of Mandamus to the Court of Criminal Appeals. Seeking an out-of-time appeal. Writ was denied July 25, 2005, pursuant to there being an alleged remedy availability of Rule

3

32.1(f). Wherein, pursuant to the Alabama Supreme Court's Order amending Rule 32.1 and Rule 32.2 at 890 So.2d Appendix A, B, and C (Ala. 2005), Petitioner may seek out-of-time appeal from dismissal or denial of petition previously filed within 6 months of discovery of dismissal or denial. Id. (See Exhibit #8 attached hereto).

    c.  Petitioner filed post-conviction petition pursuant to Rule 32.1(f) on August 3, 2005. (See Exhibit H of State's Supplemental Response).

    d.  State responded to Petitioner's Rule 32.1(f) petition on September 6, 2005, arguing the merits of Petitioner's claims, and raising state procedural bar, i.e., successive and precluded by the statute of limitation, without addressing the merits of Petitioner's Rule 32.1(f) claim. (See Exhibit H of State's Supplemental Response Marked Exhibit #6).

    e.  Petitioner filed Objection to State's Response on September 8th 2005, arguing that state procedural bars raised by state is overruled by allegations raised under Rule 32.1(f), Alabama Rule of Criminal Procedural. Petitioner sought relief of full and fair adjudication of petition filed January 31, 2005. (See Exhibit H of State's Supplemental Response).

    f.  The Circuit Court failed or refused to rule on Burton's Rule 32.1(f) petition. Petitioner filed letter of enquiry concerning Rule 32.1(f) petition on

4

September 22, 2005, and the Circuit clerk responded Appeal dismissed on this case on June 28, 2005, as if no other records existed. (see Exhibit #8 of State's Exhibit H pf Supplemental response).

IV. **ARGUMENT AND CITATION OF AUTHORITY FOR CAUSE**

    a. Burton has stated claims cognizable under 28 U.S.C. § 2254, and Burton incorporate by reference, reallege and reassert each and every allegation set forth in his original petition for writ of habeas corpus under 28 U.S.C. § 2241(c)(3); U.S.C. § 2254(a), and for Cause shows the following:

    b. Burton is in custody in violation of the Constitution, laws and treaties of the United States, pursuant to 28 U.S.C. § 2241(c) (3), and 28 U.S.C. § 2254(a).

    c. The Circuit Clerk of Montgomery County, Alabama failed to notify Burton of the Judge's ruling on his Rule 32 Petition filed on January 31, 2005 in a timely manner to file notice appeal, and Burton rely here, on the same as "cause" to excused his procedural default in this case. *Meek v. Metropolitan Dade County,*

*908 F.2d 1540 (11th Cir. 1990)(citing Davis v. Page, 618 F.2d 374, 378 (5th Cir.1980)).*

    d.  Burton shows that the "prejudice" from the Circuit Clerk's neglect to notify Burton of the Circuit Court's decision resulted in Burton's failure to comply with state's procedural rule. (See Murray v. Carrier, 106 S.Ct. 2639, 2646 (1986)), and but for Circuit Clerk's errors the result would have been different.

    e.  The Circuit Court's decision, rendered on Burton's Rule 32 petition, filed on January 31, 2005. Did not fulfill the *"plain statement rule"* of *Michigan v. Long, 463 U.S. 1032, 1042 & n. 7, 103 S.Ct. 3469, 3477 & n. 7, 77 L.Ed.2d 1201 (1983).* The Circuit court did not "clearly and expressly" state that it relied on a procedural bar as a ground for rejecting Burton's claim, as set out in *Harris v. Reed, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).* (See State's Response and Court's decision rendered on Burton's Petition filed Jan.31, 2005 attached hereto as Exhibits #1 and #5).

## V.   ANALYSIS OF APPLICABLE LAW

a.   Burton, conviction was obtained by a plea of guilty, which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and/or the consequences of his plea. Specifically, to the offense of Rape in the first degree in exchange for a sentence of 15 years split 3 years sentence to serve.

b.   Burton plead guilty to the offense of Rape in the first degree, as advised by his attorney, but the Court in fact, sentenced Burton to 99-years in the penitentiary. In which, he will serve actually, as much time in prison as he would with a life sentence, the maximum sentence he could have receive for the offense charged.

c.   Effective assistance of counsel includes counsel's informed opinion as to what pleas should be entered. *Walker v. Caldwell* 476 F.2d 213, 224 (5th Cir. 1973); *Jones v. Cunningham*, 313 F.2d 347 (4th Cir. 1963), cert denied 375 U.S. 832, 84 S.Ct. 42, 11 L.Ed.2d 63 (1965). As Chief Judge *Sobeloff* stated in the latter case (at 353):

> "Of Course, it is not for a lawyer to fabricate defenses, but he does have an affirmative obligation to make suitable inquiry to determine whether

valid ones exist. Such a duty is imposed for the salutary reason that 'prior to trial an accused is entitled to rely upon his counsel to make an independent examination of that facts, circumstances, pleadings and laws involved and then to offer his informed opinion as to what plea should be entered.' *Von Moltke v. Gillies*, 332 U.S. 708, 721, 68 S.Ct, 316, 322, 92 L.Ed. 309 (1948). (Emphasis Judge Motley's) Turning to the facts before us, it would be impossible to imagine a clearer case of a lawyer deprived a client of constitutionally required advice." *Boria V. Keane*, 99 F.3d 429 (2nd Cir. 1996).

d.  As in Burton's case. His attorney fabricated a plea agreement, and this fabricated plea agreement was witnessed by "Barbara Patterson", and recorded on a "cassette tape", and unrefuted. (See Affidavit of Barbara Patterson attached hereto as Exhibit #9).

e.  Furthermore, Burton contends that he is actually innocent of the crime of Rape in the first degree; that witness, Sharon Redding would have testified that Burton's actions charged in this case were not a violation of state law, and but for counsel's failure to investigate and interview witnesses, the results of the proceedings would have been different. Burton would have insistent on a trial and witnesses, who would have testified that Burton is

innocent of the charge of Rape. Burton further says that he did not Rape the victim in this case.

 f. Under Alabama law, there is no timeliness requirement for filing a motion to withdraw a plea of guilty. Under *A.R.Cr.P. 14.4(e)*, a plea of guilty shall be withdrawn at any time "when Necessary to correct a manifest injustice. "There is no requirement in *A.R.Crim.Proc.* 14.4(e) that the issue be preserved in a motion for new trial or otherwise.

 g. In this case, the manifest injustice is the adjudication of guilty premised upon, then, sixteen (16) years old *Taiwan Renard Burton's* unknowing, unintelligent and involuntary decision to plea guilty. That is evidence from taped recording containing attorney's misrepresentation. Because the trial Judge failed to carry out the terms of the plea agreement, Burton was deprived of his ability to make an informed decision concerning his legal options and ramifications thereof, and because his attorney rendered ineffective assistance of counsel.

 h. When a plea rests in any significant degree on a promise or agreement of the prosecutor so that it can be said to be part of the inducement or consideration, such promise or agreement must be

9

fulfilled Rule *14.3(c)(2)(iv), A.R.Cr.P. Calloway v. State, 860 So.2d 900 (Ala.Cr.App. 2002)*. Burton's plea of guilty was induced by the affirmative misrepresentation of counsel; Counsel advised Burton that there was no likelihood that he would be acquitted or convicted of a lesser offenses, that his conviction for Rape in the first degree was a practical certainly, when in fact, Burton had a meritorious defense to the charge.

   i.   Hence, Burton's plea was not voluntarily, knowingly or intelligently entered, and his conviction due to be set-aside on that ground alone.

10. A plea of guilty does not relieve Burton's counsel of responsibility to (1) investigate defense; (2) be familiar with avenues leading to facts relevant to guilt or degree of guilt. A guilty plea cannot be voluntary where it is shown that Burton's only choice was either to face sure conviction because his attorney was unfamiliar wit the law and facts or to plead guilty. *Strickland v. Washington, 466 U.S. 668 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984); Baxter v. State, 360 So.2d 64 (Ala.Cr.App. 1978)*.

   j.   Burton further alleged that he was not informed of his right to appeal and have appeal in violation of § 12-22-130 of the *Alabama Code (1975)* and

*Rule 26.9(b)(4), A.R.Cr.P.* This is jurisdictional. *Landcaster v. State*, 638 So.2d 1370 (Ala.Cr.App. 1993), and unrefuted by the state courts.

1. It is Burton's contentions that the allegations raised herein show that Counsel's failure to conduct meaningful pretrial investigation satisfies the first prong of the Strickland test. *Aldrich v. Wainwright*, 777 F.2d 630 (11th Cir. 1985); *comparing cases, e.g., Kimmelman v. Marrison*, 477 U.S. 365 (1986), where the court concluded that counsel's performance was deficient because of a failure to investigate. Id. Further, If Burton's state-law procedural default was due to ineffective assistance of counsel, or if "some objective factor external to the defense impeded [Burton's] efforts to comply with state's procedural rule, " this is "cause" for the default. *Murray v. Carrier*, Id.

m. Burton was denied effective assistance counsel as guaranteed by the Sixth and Fourteenth Amendment to the United State Constitution. The factual allegations of Paragraphs: "a" and "g" above and the related exhibits clearly support the Petitioner's contention that counsel was ineffective, and the Petitioner adopts

11

and reallege the averments of that paragraph as completely as if fully set out herein.

n. The Burton further contends that the cumulative effects of the errors complained of above prejudiced him and were so serious when taken together that counsel was not functioning as counsel guaranteed by the Sixth Amendment. *Strickland v. Washington*, id.

o. If [Burton] alleges facts, that if true, would entitled him to relief, then the District Court should order an evidentiary hearing and rule on the merits of his claim. *McCoy v. Wainwright*, 804 F.2d 1196, 1199-1200 (11th Cir. 1986).

Respectfully Submitted,

Taiwan R. Burton, Pro Se

**WHEREFORE THE PREMISES CONSIDERED**, Taiwan Burton prays that this Honorable Court will enter judgment in his favor by excusing the procedural default, appoint counsel and grant Burton an evidentiary hearing, and any and all other relief to which he may show himself entitled.

Done this __8__ day of __April__, 2006.

Respectfully Submitted,

_____
Taiwan R. Burton

p.

## PETITIONER'S VERIFICATION UNDER OATH
## SUBJECT TO PENALTY FOR PERJURY

I Swear under penalty of perjury that the foregoing is true and correct. Done this __8__ day of __April__, 2006.

_____
Petitioner's Signature

**SWORN TO AND SUBSCRIBED** before me on this the __8__ day of __April__, 2006.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES JAN. 8, 2008

13

## CERTIFICATE OF SERVICE

q.  I hereby certify that on this 10th day of April 2006, a copy of the foregoing document was served by first class mail, postage prepaid, on the Attorney General for the State of Alabama 11 South Union Street Montgomery, Alabama 36130-0152.

OF PETITIONER

r.  ATTACHED EXHIBITS:
State's Answer To Petitioner's petition
Petitioner's Request For Status of Petition
Court's Order Denying Petition
Order Dismissing Appeal
Order Dismissing Mandamus
Affidavit Of Witness

**Address of Petition:**
P.O. Box 1107
Elmore, Alabama 36025

TRB/library<sup>06</sup>