*Exhibit 1*

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| TAIWAN BURTON, | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No.: CC-92-952-CNP |
| | ) |
| STATE OF ALABAMA, | ) |
| Respondent. | ) |

### STATE'S ANSWER TO PETITION FOR
### RELIEF FROM CONVICTION OR SENTENCE

**COMES NOW** the State of Alabama, by and through its District Attorney for the Fifteenth Judicial Circuit, Eleanor I. Brooks, and moves this Honorable Court to dismiss the Petition for Post Conviction Relief pursuant to Rule 32, Alabama Rules of Criminal Procedure, and as grounds states the following:

### PROCEDURAL HISTORY

Taiwan Burton was indicted by the Montgomery County Grand Jury on April 10, 1991 for the offenses of Rape in the First Degree, two counts, in violation of, § 13A-6-61, Code of Alabama 1975. The Honorable John Cason was retained to represent Mr. Burton in this matter.

On March 20, 1992, the Defendant pled guilty as charged to in the indictment to one count of Rape I, case number CC 1991-952. The Court conducted a sentencing hearing on April 10, 1992. The Court sentenced the Petitioner to ninety-nine (99) years in the penitentiary. The defendant retained new counsel following sentencing, Keith Ausborn.

On May 8, 1992, the Petitioner filed a Motion to Reconsider Sentence which was denied by this Court. The Petitioner filed a Write of Habeas Corpus on December 8, 1992 which was denied by this Court. The Petitioner filed his first Rule 32 Petition for

Relief from Conviction or Sentence on July 11, 1994 which was denied by this Court. The Petitioner filed his second Rule 32 Petition for Relief from Conviction or Sentence on January 31, 2005.

## ALLEGED GROUNDS FOR RELIEF

As a basis for this Petition, Mr. Culbreth alleges the following grounds in support of his claims:

1. Petitioner was denied effective assistance of trial counsel.
2. Petitioner's guilty plea was unlawfully induced or not made voluntary with understanding of the nature of the charge and consequences of the plea.

The State contends that all averments made by Petitioner are baseless and are due to be denied.

## ARGUMENT

### I. INEFFECTIVE ASSISTANCE OF COUNSEL
### A. STANDARD OF REVIEW

To prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that he was prejudiced by that deficient performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). This Court must avoid using the benefit of hindsight and must evaluate counsel's conduct as of the time of trial. Ex parte Lawley, 512 So. 2d 1370 (Ala. 1987). When the Court is reviewing a claim of ineffective assistance of counsel, it must indulge a strong presumption that counsel's conduct was appropriate and reasonable. The Court stated:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act, or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be

> made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct fall within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

Strickland, 466 U.S. at 689, 104 S.Ct. at 2065 (citations omitted). "Counsel's conduct must be considered within the context of the facts of the particular case and as of the time of the alleged misconduct." Ex parte Baldwin, 456 So. 2d 129, 134 (Ala. 1984), aff'd, 472 U.S. 373, 105 S.Ct. 2727 (1985).

Even if deficient performance is proved, a showing of prejudice is also required. A claimant must show that "but for" counsel's deficient performance the results of the proceedings would have been different. Howard v. State, 551 So. 2d 1155, 1158 (Ala.Crim.App. 1989). Prejudice is proved only when there "exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Burnett v. State, 651 So. 2d 57, 58 (Ala.Crim.App. 1994); citing Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial." Id. To prove prejudice, the alleged errors of counsel must "so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993); citing Kimmelan v. Morrison, 477 U.S. 365, 374 (1986).

### B. APPLICATION OF STANDARD TO PETITION

The State contends that Petitioner's allegations are without merit. Petitioner was represented in this matter by extremely able and experienced counsel who at all times acted competently and professionally. Mr. Cason, defense counsel, represented Petitioner at the time Petitioner pled guilty. Apart from bare allegations by Petitioner, there is no evidence whatsoever to support Petitioner's claim of ineffective assistance of counsel.

Petitioner made a voluntary decision to plead guilty after being fully apprised of his rights. The Court record reflects as much. (See Explanation of Rights form). Furthermore, <u>Strickland</u> requires this Court to examine defense counsel's conduct and Petitioner's plea with a strong presumption that counsel's conduct was appropriate and reasonable. <u>Strickland</u>, 466 U.S. at 689. When defense counsel's conduct is examined in such a light, it becomes evident that Petitioner's argument is unfounded. Where the petitioner failed to allege facts sufficient to support his allegations of ineffective assistance of counsel, summary dismissal of the petition was proper. <u>Boles v. State</u>, 717 So.2d 877 (Ala.Crim.App.1998).

## II.     **INVOLUNTARINESS OF PLEA**

Petitioner alleges that he was coerced into pleading guilty to the crime of Rape in the First Degree based on an expectation. Petitioner hoped to be granted a lenient sentence by the Court, specifically a fifteen-year sentence split to serve three years in the penitentiary. Defense counsel petitioned the Court for a lenient sentence, but the Petitioner was ultimately sentenced to 99 years in the penitentiary.

There is a logical disconnect between Petitioner's argument and the facts. Sentencing is a discretionary matter which is ultimately solely within the judgment of the Court. This Court chose to sentence the Petitioner to 99 years in the penitentiary. Petitioner pled guilty to the crime of Rape in the First Degree prior to sentencing. There is no evidence that the Court or any officer of the court attempted to coerce the Petitioner with a lenient sentence. In fact, when questioned by this Court about any promises made in exchange for his plea of guilty, Petitioner denied such an agreement. Petitioner made a voluntary decision to plead guilty after being fully apprised of his rights, including the range of punishment that the Petitioner might receive. The Court record reflects as

much. (See Explanation of Rights form). Therefore the Petitioner's guilty plea was not unlawfully induced, obtained by coercion or made involuntarily without understanding of the nature of the charge and consequences of his plea.

## CONCLUSION

For the above stated reasons, Petitioner is not entitled to relief on any of his claims, and his conviction and sentence are due to be upheld. There is sufficient evidence to support Petitioner's conviction and sentence; thus, Mr. Burton's petition is due to be denied. Therefore, the Respondent, the State of Alabama, moves this Honorable Court to dismiss, with prejudice, Mr. Burton's Petition For Relief From Conviction and Sentence.

Respectfully submitted on this the 22nd day of February, 2005.

ELEANOR I. BROOKS
DISTRICT ATTORNEY

By: _____
TRISHA L. MELLBERG (MEL016)
Deputy District Attorney

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the Petitioner, Taiwan Burton, by hand delivery, or by placing same in the appropriate Courthouse Box, or by placing the same in the U. S. Mail, postage prepaid and properly addressed this the 21st day of February, 2005.


Taiwan Burton
AIS# 167305 [6-96]
P.O. Box 1107
Elmore, Alabama 36025


                         ELEANOR I. BROOKS
                         DISTRICT ATTORNEY

                         TRISHA L. MELLBERG (MEL016)
                         Deputy District Attorney