Exhibit 5

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| TAIWAN BURTON, <br>     Petitioner, <br><br> v. <br><br> STATE OF ALABAMA, <br>     Respondent. | ) <br> ) <br> ) <br> ) Case No.: CC–92–952-CNP <br> ) <br> ) <br> ) |

## ORDER

This matter is before the Court on Petitioner's Petition For Relief From Conviction Or Sentence, filed pursuant to Rule 32, <u>A.R.CR.P.</u>, and the State's Answer to Petition for Relief and Motion to Dismiss.

Taiwan Burton was indicted by the Montgomery County Grand Jury on April 10, 1991 for the offenses of Rape in the First Degree, two counts, in violation of, § 13A-6-61, <u>Code of Alabama</u> 1975. The Honorable John Cason was retained to represent Mr. Burton in this matter.

On March 20, 1992, the Defendant pled guilty as charged to in the indictment to one count of Rape I, case number CC 1991-952. The Court conducted a sentencing hearing on April 10, 1992. The Court sentenced the Petitioner to ninety-nine (99) years in the penitentiary. The defendant retained new counsel following sentencing, Keith Ausborn.

On May 8, 1992, the Petitioner filed a Motion to Reconsider Sentence which was denied by this Court. The Petitioner filed a Write of Habeas Corpus on December 8, 1992 which was denied by this Court. The Petitioner filed his first Rule 32 Petition for Relief from Conviction or Sentence on July 11, 1994 which was denied by this Court. The Petitioner filed his second Rule 32 Petition for Relief from Conviction or Sentence on January 31, 2005.

*2005 APR -7 PM 2:16 FILED CIRCUIT COURT OF MONTGOMERY COUNTY*

Petitioner alleges that he was denied effective assistance of trial counsel. Apart from bare allegations by Petitioner, there is no evidence whatsoever to support Petitioner's claim of ineffective assistance of counsel. Where the petitioner failed to allege facts sufficient to support his allegations of ineffective assistance of counsel, summary dismissal of the petition was proper. Boles v. State, 717 So.2d 877 (Ala.Crim.App.1998).

It is the finding of this Court that there is no evidence to support the Petitioner's claim of ineffective assistance of Counsel. The Petitioner made a voluntary decision to plea guilty after being fully apprised of his rights. Therefore, upon consideration thereof, and having taken judicial notice of the Court's own records, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Petition for Evidentiary Hearing is hereby **SUMMARILY DISMISSED** without an evidentiary hearing pursuant to Rule 32.7(d) of the Alabama Rules of Criminal Procedure.

**DONE** this 23 day of March 2005.

HONORABLE CHARLES PRICE
Circuit Judge
Fifteenth Judicial Circuit