IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TAIWAN BURTON, #167305, )<br>)<br>PETITIONER, )<br>)<br>VS. )<br>)<br>)<br>JAMES DELOACH, et al., )<br>)<br>RESPONDENTS. ) | CIVIL ACTION NO.<br>2:06-cv-141-WHA |

### SUPPLEMENTAL ANSWER

Come now the Respondents in the above styled cause, by and through the Attorney General of the State of Alabama and in response to the Honorable Courts' order of April 12, 2006, states the following:

1. Respondents reassert, readopt and reallege all arguments, procedural history and documents filed in Respondents' previous answer and response.

2. Petitioner alleges that he is actually innocent of the crime he pled guilty to in 1992. Specifically he alleges that his action charged this in this case were not a violation of state law.

3. In order to survive a procedural bar a Petitioner can show that the failure to hear the merits of his claim would endorse a miscarriage of justice,

<u>Murray v Carrier</u>, 477 US 478, 495 (1986.) This exception to the procedural default in exceedingly narrow in scope, as it concerns a petitioner's actual innocence rather then his legal innocence. Petitioner must show that it is more likely than not that no reasonable juror would have convicted him of the underlying offense. <u>Schlup v Delo</u>, 513 U.S. 298, 327 (1995) To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial. <u>Calderon v Thompson</u>, 523 U.S. 538, 559 (1998); <u>Johnson v State</u>, 256 F. 3d 1156, 1171 (2001) He must make a colorable claim of actual innocence.

    4.     Petitioner has failed in his burden of proof. Petitioner merely makes a self-serving claim that a witness would testify that his actions were not legally a crime. These are the same actions that formed the factual basis for Petitioner's guilty plea to Rape in the First Degree.

    5.     Petitioner has not explained why he waited thirteen years before he decided to claim that he did not commit this crime when he has filed for several attacks in the state court to the plea agreement. For years he has been unhappy with his sentence and only within this last year remembered he did not rape the victim. This claim lacks any hint of credibility.

    6.     Because Petitioner has presented no factual evidence of his "actual innocence," the present federal habeas petitioner is due to be dismissed and denied

2

for Petitioner's repeated procedural default in state courts as shown by previously filed documents and exhibits.

                              Respectfully submitted,

                              TROY KING, ASB #KIN047
                              *Attorney General*
                              By-

                              <u>/s/Cecil G. Brendle, Jr.</u>
                              *Assistant Attorney General*
                              Cecil G. Brendle, Jr.
                              ID #BRE005

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of April, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: Taiwan Burton, AIS 167305, P. O. Box 1107, Elmore, AL 36025.

>Respectfully submitted,
>
>/s/Cecil G. Brendle, Jr. (CGB005)
>Cecil G. Brendle, Jr. (CGB005)
>Office of the Attorney General
>Alabama State House
>11 South Union
>Montgomery, AL 36130-0152
>Telephone: (334) 242-7300
>Fax: (334) 242-2848
>E-Mail: cbrendle@ago.state.al.us

125358/91709-001