RECEIVED

2007 JAN 16 A 11: 34

[DEBRA P. HACKETT CLK]

## IN THE DISTRICT COURT OF THE UNITED STATES

## FOR THE MIDDLE DISTRICT OF ALABAMA

## NORTHERN DIVISION

TAIWAN BURTON,

PETITIONER

VS.                    CIVIL ACTION NO: 2:06 CV-141-WHA

JAMES DELOACH, et al

RESPONDENT

## ON APPEAL FROM THE CIRCUIT COURT OF

## MONTGOMERY COUNTY, ALABAMA

PETITION AND BRIEF OF PETITIONER

OBJECTION TO RESPONDENT'S MOTION TO DISMISS

PETITION WRIT OF HABES CORPUS

TAIWAN BURTON
DRAPER CORRECTIONAL FACILITY
P.O. BOX 1107
ELMORE, ALABAMA 36025-1107

RECEIVED

2007 JAN 16 A 11:31

# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

TAIWAN BURTON, #167305
Petitioner

v.                                  CIVIL ACTION No. **2.06-CV-141**

JAMES DELOACH, et al
Respondents

### Brief of Petitioner
### <u>To The Justice Of The Middle District:</u>

Comes your Petitioner, <u>**Taiwan Burton**</u>, the Petitioner in this cause, and petitions this Court for Writ of Habeas Corpus to issue to the Court of Criminal Appeals of Alabama in the above styled cause to Reverse and Remand to the Circuit Court of Montgomery, Alabama.

1. Petitioner was convicted, upon a plea of guilty, in the Circuit Court of Montgomery County, Alabama to one count of rape in the first degree.

Petitioner was sentenced by the trial court to imprisonment of Ninety Nine (99) years under the count.

Appeal was not made due to no fault of Petitioner but of Trail Counsel's.

The said Petitioner filed a Rule 32. Petition Post-Conviction on the said 7th day of April, 2005. And was denied due it being said there was no merits for reversal.

Petitioner Appeal the denial of his Rule 32 Petition Post-Conviction to the Court of Criminal Appeals and it was affirm without being reversed.

Petitioner alleges as grounds for the issuance of the Writ of Habeas Corpus the following:

A. The basis of this petition for Writ is that the Court of Criminal Appeals incorrectly construed controlling provisions of the United States Constitution and the Alabama Constitution, and in particular, those portions of each such constitution pertaining to due process of law and the right to counsel.

The issues are (i) whether the appellate court violated Taiwan Burton's right to due process of law and effective assistance of counsel by affirming the trial court's acceptance of his guilty plea which was not made knowingly, intelligently and voluntarily, and (ii) whether the appellate court violated Taiwan Burton's right to due process of law by failing to afford defendant the opportunity to withdraw his plea of guilty

When the trial court failed to carry out the terms of the plea agreement.

B. The basis of this Brief for Writ is that the decision of the Court of Criminal appeals is in conflict with prior decisions of the Supreme Court.

In its opinion, the Court of Criminal Appeals held: "A Motion to withdraw a guilty plea must be filed no later than 30 days after sentence is imposed…the motion to withdraw the plea was untimely…[T]his issue has not been preserved for appellate review." **Burnett v. State**, CR92-448 at 2 (May 28th, 1993). In

contrast, Ala. R. Crim. Proc. 14.4(e), "promulgated by the Supreme Court of Alabama pursuant to its rule-making power "(Ala. R. Crim. Proc, 1.1 committee comments), provides that "The court shall allow withdrawal of a plea of guilty when necessary to correct a manifest injustice." These statements of the law of the substance of the opinions are in conflict and the Court of Criminal Appeals erred in failing to follow the decision of the Supreme Court on the same points of law.

Petitioner respectfully request that after a preliminary examination, the Writ of Habeas Corpus be granted and that this Court proceed under its rules to review the matters complained of, and to reverse the judgment of the Court of Criminal Appeals and Circuit Court of Montgomery County, Alabama, and for such relief as Petitioner may be entitled.

Respectfully submitted

Taiwan Burton
Draper Correctional Facility
P. O. Box 1107
Elmore, Alabama 36025-1107

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION


**TAIWAN  BURTON, #167305**
    PETITIONER

VS.                         CIVIL ACTION NO: **CV-141-WHA**


**JAMES  DELOACH, et al.,**
    Respondents.

_____

**OBJECTION TO RESPONDENTS MOTION TO DISMISS
TO THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN
DIVISION**

_____
_____

**PETITION AND BRIEF OF PETITIONER
WITH STATEMENT OF FACTS**

_____

## TABLE OF CONTENTS

**TABLE OF AUTHORTIES.** ………………………………….._____

**STATEMENT OF THE ISSUES PRESENTED**…………………....._____

**STATEMENT OF THE CASE** …………………………………..._____

1. **TAIWAN BURTON**    CHALLENGE TO HIS PLEA OF GUILTY IS PROPERLY PRESENTED BEFORE THIS COURT..................____

2. THE COURT OF CRIMINAL APPEALS ERRED IN AFFIRMING THE TRIAL COURT'S JUDGMENT FINDING **BURTON** GUILTY OF ONE COUNTY OF RAPE IN THE FIRST DEGREE BECAUSE PETITIONER'S PLEA OF GUILTY WAS NOT MADE KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY .........____

3. PETITIONER ASSERT THERE WAS NO EVIDENCE TO PROVE HIM GUILTY OF THE SAID CHARGE BECAUSE THERE WAS    NO D.N.A. PRESENTED OR CONDUCTED TO PROVE HIM GUILTY OF THE CHARGE RAPE FIRST DEGREE:

4. THE COURT  OF CRIMINAL APPEALS ERRED IN AFFIRMING THE TRIAL COURT'S JUDGMENT FINDING **TAIWAN  BURTON** GUILTY OF ONE COURT OF RAPE IN THE FIRST DEGREE BECAUSE THE DEFENDANT WAS NOT AFFORDED THE OPPORTUNITY TO WITHDRAW HIS PLEA OF GUILTY WHEN THE TRIAL COURT FAILED TO CARRY OUT THE TERMS OF THE PLEA AGREEMENT REACHED BY THE PROSECUTOR AND DEFENDANT'S TRIAL COUNSEL.

CONCLUSION ..................................................____

CERTIFICATE OF SERVICE  ... ... ... ... ... ... ... ... ... ... ... ____

## TABLE OF AUTHORITY

| | Page |
|---|---|
| Burnett v State CR92-448 | **3** |
| Fay v. Noia U.S. 391, 483, 83 S, Ct 822, 848, 9 L.Ed 2d 837 (1963) | **13** |
| Hunt v State, 659 So. 2d 998 Ala.Crim.App. App. 1994 | **13** |
| Robinson v State 562, So 2d 277, 278 Ala. Crim. App, 1990 | **13** |
| Ferguson V. State 565, So. 2d 1177, 1173 Ala.Cr.App 1990 | **13** |
| Jarman v. State 54 Ala. App. 557, 310 So. 2d 481, (1975) | **14** |
| Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495 (1971) | **15,17** |
| United States v. Arnett 628 F. 2d. 1162 (9th, Cir 1979) | **15** |
| Paradiso v. United States 689 F. 2d 28 (2d Cir. 1982) | **15** |
| Johnson v. Beto 466 F.2d 478 ( 5th. Cir. 1972) | **15** |
| United States v. Crusco 536 F. 2d 21 (3rd Cir 1987) | **15** |
| United States v. French 719 F. 2d 387 11th Cir. 1983 | **8,16,23** |
| Brady, supa. 397, U.S. at 755 | **16** |
| State v. Holman 486 So.2d. 500 (Ala. 1986) | **16** |
| Griffith v. State 545 So.2d. 236,37, Ala.Crim.App. 1989 | **16** |
| Cantu v. State, 660 SO.2d. 1026 (Ala. 1995) | **16** |
| Gamer v. State, 455 So.2d. 939,940 (Ala.Crim.App. 1994) | **17** |
| Henry v. State, So.2d. 583 (Ala.Cr.App. 1994) | **17** |
| Elrod v. State, 629 So.2d. 58,59 (Ala.Crim.App. 1983) | **17** |
| United States v. Rewis, 969 F.2d 985 1992 | **16** |
| United States v. Boatner, 966 F.2d 1575 11th Cir. 1992) | **17** |
| United States v. Carrazana, 921 F.2d. 1557,1568 (11th Cir. 1991) | **17** |

United States v. Nelson, 837 F.2d. 1519 (11th Cir. 1988)          17

United States v. Jeffries, 908 F.2d 1523 11th Cir. 1990)          18

Boykin v. Alabama, 395 U.S. 238/169          18,19,20,21,23

Townsend v. Burk 334 U.S. 736, 741 (1948)          14

Chappell v State, 457 So.2d 995 (Ala. Crim. App. 1984)          21,22

Coleman v State, 457 So.2d 1469 (11th Cir. 1987)          20

Ford v State, 356 So.2d 720 (Ala. Crim. App. 1976)          20

Lewis v State, 375 So.2d 294 (Ala. Crim. App. 1979)          21

Lewis v. State, 479 So.2d 1356 (Ala.Crim.App. 1985)          23

Lochli v State, 565 So.2d 294 (Ala. Crim. App. 1990)          21,23

Looney v State, 563 So.2d 3 (Ala. Crim. App. 1989)          19,20,21,23

Machibroda v United States, 368 U.S. 487 (1962)          19

McBryar v McElroy, 510 F. Supp. 706 (N.D. Ga. 1981)          21,23

McCarthy v United States, 394 U.S. 459 (1969)          19

McCoy v State, 392 So.2d 1287 (Ala. Crim. App. 1981)          21

Strickland v Washington, 466 U.S. 668 (1984)          20

United States v Baynes, 687 F.2d 659 (2d Cir. 1982)          22

Williams v. Smith, 591 F.2d 169 (2d Cir.),
    cert denied, 442 U.S. 920 (1979)          23

Ex Parte Otinger 493 So 2d 1362, on remand, 493
    So. 2d 1365 (Ala. 1986)          28

Bland v. State, 565 So. 2d 1240 (Ala.. Crim. App. 1990.)          28

**Constitutional Provisions**

**United States Constitution, amendment VI**

**Alabama Constitution, article I, & 6**

**Statutes**

**Ala. Code 13A-6-61 (1975)**

**Ala. Code 13A-6-62 (1975)**

**Ala. Code 13A-22-192 (1975)**

**Ala. R. Crim. Proc. 14.4(e)**

## SUMMARY OF RULINGS AND ACTIONS

## ADVERSE TO PETITIONER Record Page No Summary

## STATEMENT OF ISSUES

I. WHETHER **TAIWAN BURTON'S,** CHALLENGE TO HIS PLEA OF GUILTY IS PROPERLY PRESENTED BEFORE THIS COURT.

II. WHETHER THE TRIAL COURT ERRED IN ADJUDING **TAIWAN BURTON'S.** GUILTY ON THE ONE COUNT OF RAPE IN THE FIRST DEGREE BECAUSE PETITIONER'S PLEA OF GUILTY WAS NOT MADE KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY?

III. WHETHER THE TRIAL COURT ERRED IN ADJUDGING **TAIWAN BURTON'S,** GUILTY OF ONE COUNT OF RAPE IN THE FIRST DEGREE BECAUSE THE TRIAL COURT DID NOT AFFORD PETITIONER THE OPPORTUNITY TO WITHDRAW HIS PLEA OF GUILTY WHEN THE TRIAL COURT FAILED TO CARRY OUT THE TERMS OF THE PLEA AGREEMENT REACHED BY THE PROSECUTOR AND PETITIONER'S TRIAL COUNSEL?

## STATEMENTS OF THE CASE AND FACTS

This case arises from the denial of petition styled by the Respondent, Taiwan Burton, as a "Petition for Writ of Habeas Corpus" and filed in the Circuit Court of Montgomery County on December 4, 1992. (C. 10) it appears from Burton's Appellate Brief and various pleading in the record that sometime prior to filling the petition, Burton pleaded guilty to first-degree rape, and that April 10, 1992, Burton was sentenced to ninety-nine   (99) years in prison on the basis of his guilty plea.

See at this time that the said Petitioner Burton is requesting that this Honorable Court will take Notice of the said Supreme Court of Alabama Rulings and Grant His said Petition of Writ of Habeas corpus petition now pending before this Honorable Court because at no time have the Respondents Adjudicated any of the Merits that has been cited for review before this Honorable Court.

## ARGUMENT

## I. TAIWAN BURTON CHALLENGE TO
## HIS PLEA OF GUILTY IS PROPERLY
## PRESENTED BEFORE THIS COURT.

Under Alabama law, there is no timeless requirement for filing a motion to withdraw a plea of guilty. Under Ala. R. Crim. Proc. 14.4(e), a plea of guilty shall be withdrawn at any time "when necessary to correct a manifest injustice." There is no requirement in Ala. R. Crim. Proc. 14.4(e) that the issue be preserved in a motion for new trail or otherwise.

In this case, the manifest injustice is the adjudication of guilt premised upon Taiwan Burton's unknowing, unintelligent and involuntary decision to plead guilty. Because Mr. Burton received ineffective assistance of counsel in the trial court and because the trial judge failed to carry out the terms of the plea agreement, the defendant was deprived of his right and ability to make an informed decision concerning his legal options and the ramifications thereof.

Therefore, based upon Ala.R.Crim.P. 14.4(e), Taiwan Burton claims are properly presented and there is no procedural preclusion, which prohibits review of the substantive issues in this case by the Alabama Court of Criminal Appeals.

For these reasons, **Taiwan Burton's** plea of guilty should be withdrawn and this case allowed to proceed to trial.

### ARGUMENT

## II.   DEFENDANT'S CONVICTION AND SENTENCE ARE SUBJECT TO COLLATERAL ATTACK AND HE IS ENTITLED TO RELIEF PURSUANT TO RULE 32 DUE TO EXCEPTIONAL CIRCUMSTANCES.

### INTRODUCTION

Habeas Corpus has traditionally been regarded by equitable principles.

**Fay v Noia** U.S. 391, 483, 83 S.Ct. 822, 848, 9. L.Ed 2d 837 (1963).

Therein inter alia, Petitioner **Burton,** request this Honorable Court to Grant this Petition

For Writ of Habeas Corpus, Conviction or Sentence in accordance with the argument and

supporting judicial authority set forth.

### JURISDICTION

The Conviction challenged herein by Petitioner   **Burton** was rendered in the Circuit

Court of  Montgomery County, Alabama.

### STATUTE OF LIMITATION

An Illegal sentence can be challenged at anytime **Ex Parte Brannon,** 547 So.2d

68 Ala. 1989.appears to equate an invalid sentence with a jurisdiction defect. Of Rule

16.2  (d) A.R. Crim App.  1991 **Hunt v. State**, **659** so. 2.d.  998 Ala. Crim App, 1994.

Even though the Appellant did not appeal his adjudication, the issue of legality of

his sentence may still be presented to this court.  Provide for Writ of Habeas Corpus

Relief where the court was without jurisdiction to render judgment or to impose sentence,

a claim of lack of jurisdiction to render judgment or to impose sentence is not precluded

as a basis for relief by Writ of Habeas Corpus even though the question of jurisdiction

could have been raised at trial or on appeal. **Robinson v. State**, 562 So.2d. 277, 278 (Ala.

Cr. App. 1990). Quoting **Ferguson v. State.** 565 So. 2d. 1172, 1173 (Ala. Cr. App 1990)

emphasis added in Robinson.

See The Following Issues For Review

Therefore in this Petition the State may argue that the time frame had expired, but at this

time the Petitioner Burton assert that the Trial Court did not have jurisdiction to convict

nor sentence him, so the time frame do not apply when the Court do not have jurisdiction

over the movant/petitioner and the petitioner must assert that this can be treated as a

Collateral Attack, and his Colloquy Court record will clearly show that it is a violation of

the petitioner's 6th, and 14th Amendments.

Burton at this time is requesting that his Conviction and Sentence of (99) years

be set aside due to the following:

1.Breach of Plea Agreement & Illegal Sentence Rule **14. 3.** 1992 / 969 F. 2d 985:

**U.S. v. Rewis**, Aug 20, 1992.

2. Violation of Due Process due to arrest and not a prior. **Townsend v. Burk,** 334

U.S. 736, 741 (1948) Rule 26.3

3. Lack of record of the Colloquy. Rule **14.4** Ala. R. Crim. P.  The Rule that the

trial judge conduct a colloquy with the defendant before accepting a guilty plea ensures

that defendant before accepting a guilty plea ensures that a criminal defendant is

adequately advised of his rights so that he may make a voluntary and intelligent decision

to enter such plea. **Jarman v. State,** 54 Ala. App. 557 310 So. 2d 481 (1975) Rule **15.1**

Section C.

4. Ineffective assistance of counsel violation of Sixth Amendment. Fail to

investigate, fail to establish a defense, fail to speak with witnesses fail to speak on

mitigation circumstances at sentencing, and fail to advise the petitioner of the proper procedures, and if they had done so the petitioner would not have excepted the plea.

## PLEASE SEE:

Therefore in this Petition the State may argue that the time frame has expired, but at this time the Petitioner Burton assert that the Trail Court did not have jurisdiction to convict nor sentence him, so the time frame do not apply when the Court do not have jurisdiction over the movant / petitioner. **And, at this time, the Petitioner Burton is not at Fault for waiting to plead Actual Innocent of the said crime because there have been several delays of the Circuit Court of Montgomery County, Alabama to inform the Petitioner of several requested documents, and his Attorney failed to raise this issue. And without the said petitioner having knowledge and proper Legal Assistance from one Trained in the Field of Law and Constitutions of this State of Alabama 1901 and U.S. Constitution. Petitioner never was inform that an D.N.A. had not been done to prove his innocence or actual innocence.**

## B. PLEA NOT KNOWING AND VOLUNTARY

Petitioner argues in his Petition (a) that he did not enter a knowing and voluntary plea, and (b) he should be allowed to withdraw his guilty plea.

The Supreme Court in **Santobello v New York,** 404 U.S. 257, 92 S.Ct. 495 (1971) carefully provided an analysis of the bargaining process and attendant safeguards and attendant safeguards. It held that the plea-bargaining process must be

"[A]ttended by safeguards to insure the defendant what is reasonably due in the circumstances, Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Id at 262.

'In determining what is "reasonably due' a defendant '[t]he Adiposities question…is what the parties to the plea agreement reasonably understand to be the terms of the agreement,''' **United States v Arnett**, 628 F.2d 1162, 1164 (9th Cir. 1979); **Paradiso v United States,** 689 F.2d 28 (2d Cir. 1982) cert. Denied, 103 S.Ct. 752 (1983) See also **Johnson v. Beto,** 466 F.2d 478 (5th Cir. 1972); **United States v Crusco,** 536 F.2d 21 (3rd Cir. 1987). Those safeguards are necessary because:

"the plea is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered without a trial-a waiver of his trial before a jury or a judge. Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.

**Brady v United States,** 397 U.S. 742, 748, 90 S.Ct. 1463 (1970); see also **United States v French,** 719 F.2d 387 (11th Cir 1983), cert denied, 466 U.S. 960, 104 S.Ct. 2174 (1984)

For a guilty plea to be voluntary, it must be "entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor or his own counsel…' **Brady, supa,** 397 U.S. at 755.

Petitioner submits that he was under the mistaken belief after consultation with former counsel that he would be sentenced to a Fifteen Split Three (15 split 3) years or if he had been sentence to a term where no split sentence occurred he would be paroled eligibility in slightly over [7 ½] years or 1/3 of his sentence. **Burton,** argues that he was not informed that his parole eligibility would be no worse if he had proceed to trial and received the maximum life sentence. Petitioner contends that he relied on this misinformation to his detriment and as such, he did not enter a knowing and voluntary plea of guilty. He requests that he be allowed to withdraw his guilty plea and proceed to trial.

Further, he argues in support of this request that he received undue pressure from his lawyer that he should accept the (15 split 3) year sentence by pleading guilty. Post plea **Burton,** has learned that his release status would not have been worse on a life term, If this critical factor had been made known to **Burton,** he would not have pled guilty and instead insisted on a trial, and that to a crime that there was no evidence to prove the said defendant guilty. It is within the sound discretion of the trial court to allow or disallow a defendant to withdraw a guilty plea, **State v Holman,** 486 So.2d 500 (Ala. 1986) Where the evidence as to whether the plea was entered through fear, duress, misunderstanding, or improper influence is in hopeless conflict, the better practice is to permit the plea to be

withdrawn. 22 C.J.S. Criminal Law 421 (3) (1961) cited **Griffith v. State**, 545 So. 2d. 236, 237, (Ala. Crim. App. 1989).

It is axiomatic that any guilty plea must be both knowing and voluntary. **Cantu v State**, 660 So.2d 1026 (Ala. 1995) The only factual basis for a guilty plea is that the defendant knows what he is pleading to. **Gamer v State,** 455 So.2d 939, 940 (Ala, Crim. App. 1994).

In order for a guilty plea to be considered knowing and voluntary, the defendant must be properly advised of the possible Minimum and Maximum Sentence. **Henry v. State,** So. 2d. 583 (Ala. Cr. App 1994) Moreover, if the defendant's sentence could be enhanced under any applicable enhancement statute, the defendant should be informed of the additional sentence he could receive under the enhancement statute. 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 2d 274 (1969), **Elrod v State**, 629 So. 2d 58,59 (Ala. Crim. App. 1983); Rule 14.4(a)(1)(ii) A.R.Cr.P.

Petitioner also assert 969 F.2d 985: **United States v. Rewis,** August 20, 1992 when a guilty plead rest in any significant degree on a promise or a agreement of the prosecutor so that it can be said to be a part of the inducement or consideration, such promises must be for filled **Santobello v New York**, 404 U.S. 257, 92 S. Ct. 495 30 L.Ed 2d 427 1971. **United States v. Boatner, 966 F.2d 1575 11th Cir. 1992. United States v. Carrazana** 921 F.2d. 1557, 1568 (11 Cir. 1991) weather the government violated the agreement the judge according to the defendant reasonable understanding at the time he

entered the plea Boatner, 1992 WL. 159500, at 2.F.2d at – <u>United States v Nelson</u>, 837 F. 2d. 1519 (11th Cir. 1988) if the defendant understanding by the government we determine the terms of the plea agreement according to objective standards. <u>Nelson</u>, 837 F.2d at 1522.

Rewis, guilty plea was clearly induced by the agreement he reached with the government. He is therefore entitle to specific performance of the terms of that agreement, as he reasonably understood them at the time of his plea. The out come of this case. Centered around what <u>Rewis</u>, could have reasonably understood the terms of his plea agreement to mean and whether the government breach the plea agreement. 969 F.2d 985 <u>U.S. v. Rewis</u>, August, 1992

<u>See also United States v. Jeffries, 908 F. 2d 1523 ("Plea agreements are interpreted and applied in a manner that sometimes likened to contractual interpretation".) (11th Cir. 1990) Petitioner assert it is a violation of his 6th, 8th, and 14th, Amendments that has occurred in his Conviction and Sentence as well as the Breached Plea Agreement Making his sentence unknowing and involuntary</u>

II.    THE COURT OF CRIMINAL APPEALS
       ERRED IN AFFIRMING THE TRIAL
       COURT'S JUDGEMENT FINDING TAIWAN
       BURTON GUILTY OF ONE COUNT OF
       RAPE IN THE FIRST DEGREE BECAUSE
       DEFENDANT'S PLEA OF GUILTY WAS
       NOT MADE KNOWINGLY, INTELLIGENTLY
       AND VOLUNTARILY.

In **Boykin v. Alabama**, 395 U.S. 238 (169), the United States Supreme Court established very definite procedural protections which must be complied with in accepting a plea of guilty. These protections are applicable to state as well as federal courts. In **Boykin**, the Supreme Court held that a plea of guilty is invalid unless the prosecution shows on the record at least the following:

(1)    The defendant waives his constitutional right against compulsory self-incrimination;

(2)    The defendant waives his right to trial by jury;

(3)    The defendant waives his right to confront the witnesses against him;

(4)    The defendant understands these constitutional rights;

(5)    The defendant's waiver of these rights is voluntary and freely made.

**Boykin,** 395 U.S. at 241; see also **McCarthy v. United States,** 394 U.S. 459 (1969) (applying Boykin standards to federal district courts). All of the **Boykin** requirements must be shown by a suitable inquiry on the record. However, the existence of a record, which appears to comply with Boykin on its face, does not preclude an appeal on **Boykin** grounds. This court is permitted to look behind form to substances. The defendant will prevail if he shows that the colloquy read in court was a mere front for a plea obtained by duress, coercion, misrepresentation, or other extra-judicial circumstances. See, e.g., **Machibroda v. United States,** 368 U.S. 487 (1962) ("There can be no doubt that, if the allegations contained in the petitioner's motion and affidavit are true, he is entitled to have his sentence vacated. A guilty plea, if induced by promises or threats, which deprive it of the character of a voluntary act, is void. A conviction based upon such a plea is open to collateral attack." 486 U.S. at 439).

Taiwan Burton's plea of guilty was not made knowingly, intelligently and voluntarily because his decision to plead guilty was premised upon inaccurate information regarding sentencing possibilities and incompetent assistance of his trial counsel, who, inter alia, failed to properly investigate and inform defendant of the incidents and ramifications implicit n a plea of guilty.

A.    **Taiwan Burton was not informed that probation**
      **was unavailable as a sentencing alternative until**
      **after the trial court accepted his plea of guilty.**

Defendant must be given the opportunity to withdraw his uninformed and
involuntary guilty plea because he was not informed of the fact that probation was not
available as a sentencing alternative until _after_ his plea of guilty was accepted by the trial
court.

---

(emphasis added).  Based upon the foregoing, **Taiwan Burton,** was adjudged
guilty, and **then,** during the sentencing stage, he learned for the first time that "probation
[was] not an option" in his sentencing. In **Looney v. State,** 563 So.2d 3 (Ala. Crim. App.
1989), this court proscribed precisely this situation as destroying the informed and
voluntary nature of a guilty plea.

Any contention that petitioner acquiesced in the court's error is without merits.
**Looney** described the requirement that the defendant be aware of the sentencing
possibilities prior to pleading guilty as "an absolute constitutional prerequisite to
acceptance of a guilty plea. Looney, 564 So.2d at 4 ( quoting **Boykin,** 395 U.S. 238
(1969) (emphasis added ) Taiwan Burton should have known "at the time he entered his
plea ." **Looney,** 563 So. At 4 (quoting **Coleman v. Alabama** 827 F.2d 1469, 1473 (11[th]
Cir. 1987)).

For these reasons, Taiwan Burton's plea of guilty should be withdrawn and this
case allowed to proceed to trial.

**B. Taiwan Burton received**

**Incompetent assistance of counsel**

**In the trial court stage of this case.**

The sixth amendment of the United States Constitution guarantees that "[i]n all criminal prosecution, the accused shall enjoy the right...to have the assistance of counsel for his defense." Similarly, the Alabama Constitution, Art. I, §6, guarantees "[t]hat in all criminal prosecutions, the accused has a right to be heard by himself and counsel, or either;...." The right to assistance of counsel entitles a criminal defendant to more than the mere formality of apparent representation. The accused is entitled to <u>effective</u> assistance of counsel. <u>Avery v. Alabama</u>, 308 U.S. 444 (1940). The defendant has the right to effective assistance of counsel at every "critical stage" of the proceeding, including the guilty plea. **Ford** v. State, 356 So.2d 720 (Ala.Crim.App. 1976).

Generally, an argument of ineffective assistance of counsel will be sustained upon a showing that the accused's trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). However, in the particular situation presented by a guilty plea, the incompetence of counsel impacts upon **Boykin's** concern regarding the knowledge, intelligence and voluntariness with which a guilty plea is made by a criminal defendant.

The accused's right to effective and competent assistance of counsel requires the performance of certain duties by the accused's attorney. These duties, <u>inter alia</u>, require defense counsel to investigate potential sources of exculpatory information, <u>Chappell v.</u>

<u>State,</u> 457 So.2d 294 (Ala.Crim.App. 1984), correctly explain the range of sentencing possibilities, including maximum and minimum sentences, <u>see, e.g.,</u> **Lochli v. State**, 565 So.2d 294 (Ala.Crim.App. 1990); **Looney v. State**, 563 So.2d 3 (Ala.Crim.App. 1989); **Lewis v. State**, 375 So.2d 519 (Ala.Crim.App. 1979); **Bailey v. State**, 375 So.2d 519 (Ala.Crim.App. 1979); correctly explain whether probation is a possibility, **McBryar v. McElroy,** 510 F.Supp. 706 (N.D. Ga. 1981), and object to the trial court's imposition of a sentence not in accordance with a submitted pea agreement without informing the defendant that the plea agreement is not binding on the court and providing an opportunity to withdraw the guilty plea.  <u>See e.g.</u>, **McCoy v. State**, 392 So.2d 1287 (Ala.Crim.App. 1981).

In the case at bar, <u>**Taiwan Burton's,**</u> trial counsel failed to provide effective and competent assistance of counsel in a number of different ways, including his failure to contact, interview and investigate several potential witnesses whose names were provided to his Mr. Ausborn by the defendant.  Further, **Mr. Burton's,** trial counsel also misrepresented the sentencing possibilities involved in this case in discussions with defendant and when he filled out the <u>Ireland</u> form to indicate that the sentencing range for <u>one</u> count of Rape in the First Degree is "not less than 10 years nor more than 99 years to life....".  Additionally, his Attorney  **Mr. Keith Ausborn,** misrepresented to defendant the sentencing possibility that the trial court might grant **Mr. Burton's,** request for 15 years of probation.  And, his Attorney  **Mr. Ausborn,** failed to object when the trial court imposed a sentence not contemplated by the plea agreement without informing defendant that the plea was not binding on the Court and allowing Mr. Burton the opportunity to withdraw his plea of guilty.

Mr. Burton supplied the names of several potential witnesses to his trial counsel.
Mr. Burton asked his Attorney Mr. Ausborn to contact and interview these people as
potential character witnesses on the defendant's behalf. These witnesses would have
attested to the good character of Mr. Burton and their disbelief in the charges levied
against him. Despite defendant's insistence, Mr. Burton's trial counsel neither contacted
nor attempted to contact the people recommended by defendant. His Attorney Mr.
Ausborn's failure constitutes ineffective and incompetent assistance of counsel.
Chappell v. State, 457 So.2d 995 (Ala.Crim.App. 1984) (citing United States v. Baynes,
687 F.2d 659 (2d Cir. 1982)).

Further, Taiwan Burton's, trial attorney provided ineffective and incompetent
counsel by misrepresenting the range of sentencing that defendant could be subjected to
if he entered plea guilty to one count of Rape in the First Degree. Mr. Ausborn filled in
the first substantive paragraph of the Ireland form, as follows (with Mr. Ausborn's
insertion underlined):

### TO THE ABOVE-NAMED DEFENDANT:

This is to inform you of your rights as a defendant in
this criminal case. Under the charging instrument filed
against you in this case, you are charged with the crime
of Rape 1st; Rape 1st which is a Class A Felony. In the
event you plead guilty to the above crime or are found
guilty, the law provides for punishment by
imprisonment in the penitentiary for not less than 10
yrs nor more than 99 yrs to life for such offense and/or
by imposition of a fine of not less than
$_____ nor more than $20,000.00,....

Here, **Mr. Ausborn** erroneously misrepresented the range of punishment for the <u>one</u> count of Rape in the First Degree he has listed on the form. As a Class A felony, <u>each</u> count subjected **Taiwan Burton** to a sentence ranging from not less than ten years nor more than ninety-nine years to life and a fine of not more than $20,000.00. Therefore, a plea of guilty to <u>one</u> count subjected defendant to a sentence of not less than ten years nor more than 99 years to one life sentence and a fine of not more than $40,000.00. Because of his trial counsel's misrepresentations, **Mr. Burton** entered his plea of guilty under the erroneous belief that the maximum sentence he could receive for <u>one</u> count of Rape in the First Degree was not less than ten years nor more than ninety-nine years to life. Because "it is...well settled that a guilty plea is invalid unless voluntarily given by a defendant <u>with full understanding of the possible consequences of the plea</u>, "**Taiwan Burton** must be allowed to withdraw his plea of guilt. **Bailey v. State,** 375 So.2d 519 (Ala.Crim.App. 1979) (emphasis added).

Cases interpreting the **Boykin** standard for acceptance of guilty plea recognize that it is reversible error for the court to accept a guilty plea made in ignorance of the consequences, including the length of any possible sentence. **Looney v. State,** 563 So.2d 3 (Ala.Crim.App. 1989); **Lewis v. State,** 479 So.2d 1356 (Ala.Crim.App. 1985); **Lochli v. State,** 565 So.2d 294, 297 (Ala.Crim.App. 1990) (quoting, inter alia, **Williams v. Smith,** 591 F.2d 169, 172 (2d Cir.), cert. denied, 442 U.S. 920 (1979) ("the test...for determining the constitutional validity of a state court guilty plea where the defendant was aware of actual sentencing possibilities, and, if not, whether accurate information would have made any difference in his decision to enter a plea.")). **Mr. Burton** was not

aware of the actual sentencing possibilities, and, if he had been so aware, he would not have entered his guilty plea.

Because it would be reversible error for a court to accept a plea of guilty without correctly informing the defendant of sentencing possibilities, then it must also be true that Mr. Burton's trial counsel was required to inform his client of the correct sentencing possibilities in order to meet the standard of effective and competent advice of counsel. United States v. French, 719 F.2d 387 (11th Cir. 1983) (recognizing that a defendant must have accurate and complete information at the plea bargaining stage in order to make a voluntary and informed decision.)

Similarly, Taiwan Burton's trial counsel incorrectly informed the defendant that upon his plea of guilty, he would be eligible for probation or split sentence and the trial court would entertain such a request. This advice is incompetent and erroneous because probation is unavailable in cases where the sentence exceeds fifteen years. R. 10. In McBryar v. McElroy, 510 F.Supp. 706 (N.D. Ga 1981), the court recognized that where, as here, the defendant entered a guilty plea under a reasonable but mistaken belief that he would receive probation based upon his attorney's assurance that cooperation in a guilty plea would ensure such treatment, even in absence of any indication that the prosecutor would consent or acquiesce, it should be withdrawn because his attorney's incompetent and ineffective assistance render the plea involuntarily.

As explained supra in relation to the ineffective and incompetent advice received by defendant from his trial counsel, the trial court did not carry out the terms of the plea agreement with respect to the Victim's Compensation Assessment. In summary, the plea

agreement provides that the Petitioner would be offered 15 split 3, and not the upper end of said sentence of 99 years as Petitioner was sentenced.

Alabama law requires that when the trial court decides not to carry out the plea agreement reached between the prosecutor and defense counsel, the judge must inform the accused that the trial court is not bound by the terms of the plea agreement, and, absent unique circumstances mandating specific performance of the agreement, allow the defendant to withdraw his guilty plea **Ex Parte Otinger** 493 So 2d 1362, on remand, 493 So. 2d 1365 (Ala. 1986); **Bland v. State**, 565 So. 2d 1240 (Ala. Crim. App. 1990.) **Taiwan Burton** was not given this opportunity by trial court.

Even assuming arguendo that the assessment envisioned by the plea agreement is legally impermissible, the trial court still was bound to provide **Taiwan Burton**, with the opportunity to withdraw his plea of guilty because of defendant's incorrect understanding at the time of the plea  and that Taiwan Burton was only 17 years of age and as the U.S. Supreme Court has asserted a person at that age is not legally responsible for that crime because of the development of his mind .

For these reasons, Taiwan Burton's plea of guilty and Conviction and Sentence shall be set aside and either allow him to withdraw his plea and this case allowed to proceed to trail.

And the Respondents, has failed to Adjudicate any of the issues that have been preserved for review and the said Petitioner  saith his  allegations merits are true and correct.

## Conclusion

Based upon the foregoing, **Taiwan Burton**, respectfully requests that this Court reverse the Court of Criminal Appeal's decision affirming the trial court's judgment finding him guilty of 1 count of Rape in the First Degree, and remand the case for trail, because there was never any evidence to convict **Mr. Burton,** nothing other than hearsay and that is not admissible in a court of law.

Respectfully submitted

Taiwan Burton
Draper Correctional Facility
P.O. Box 1107 Cell 6- Bed # 96- # 167305
Elmore, Alabama 36025-1107

### Certificate of Service

I certify that I have served a copy of the foregoing Response and Objection to the Respondent's Reply Brief  on The Honorable /s/ **Delores R. Boyd** United States Magistrate Judge at  OFFICE OF THE CLERK UNITED STATES DISTRICT COURT  P. O. BOX  711 MONTGOMERY ALABAMA 36101-0711 by placing copies of same, properly addressed and postage prepaid, in the United States mail, and address to: and on this the said  12th day of January,  2007

Troy King, ASB #KIN074
Attorney General
/s/ Assistant Attorney General
Office of Attorney General
Cecil G. Brendel, Jr.
ID # BRE005
Alabama State House
11 South Union Street
Montgomery, Alabama 36130
&
C/o Mrs. Debra K. Hackett. Clerk
United States District Court Middle District
P. O. Box 711
Montgomery, Alabama

**STATE OF ALABAMA**
**ELMORE COUNTY**

Affiant

SWORN TO AND SUBSCRIBED before me this  //  day of
_____ , 2007.

My Commission Expires March 25, 2008

**MY COMMISSION EXPIRES**                     **NOTARY PUBLIC**