IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TAIWAN BURTON, #167305,             )
                                    )
            Petitioner,             )
                                    )
     v.                             )    CIVIL ACTION NO. 2:06-CV-141-WHA
                                    )                [WO]
JAMES DELOACH, et al.,              )
                                    )
            Respondents.            )

# RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION AND PROCEDURAL HISTORY

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief

filed by Taiwan Burton ["Burton"], a state inmate, on February 14, 2006.[1]  In this petition,

Burton challenges a conviction for first degree rape entered against him by the Circuit

Court of Montgomery County, Alabama on March 20, 1992.[2]  The trial court sentenced

---

[1]  Although the Clerk stamped the present petition "filed" in this court on February 16, 2006, it is clear that Burton submitted the petition for mailing prior to this date.  The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Burton] signed it...."  *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing and for purposes of the proceedings herein, the court considers February 14, 2006 as the date of filing.

[2]  In this petition, Burton raises the following claims for relief: (1) His guilty plea was unlawfully induced or not made voluntarily and knowingly with the understanding of the nature of the charge and consequences of the plea as the sentence imposed by the court was not the sentence contained in the plea agreement advocated by counsel; (2) Counsel provided ineffective assistance by failing to inform Burton of his right to appeal and the right to have counsel appointed to represent him on appeal; (3) Counsel failed to investigate and interview witnesses who would have testified on petitioner's behalf; and (4) Petitioner is actually innocent of first degree rape.  *Petition for Habeas Corpus Relief - Court Doc. No. 1* at 6-7.  Subsequently, Burton alleges the trial court likewise failed to advise him of his appeal rights.  *Petitioner's April 11, 2006 Response - Court Doc. No. 11* at 10-11.

Burton on April 10, 1992 to ninety-nine (99) years imprisonment for this conviction. Burton did not appeal his rape conviction and this conviction therefore became final by operation of law in May of 1992.

Pursuant to the orders of this court, the respondents filed answers in which they argue that the instant federal habeas petition is barred by the limitation period applicable to 28 U.S.C. § 2254 petitions as Burton failed to file his petition within the grace period adopted by the Eleventh Circuit.[3] Specifically, governing case law establishes that Burton had until April 24, 1997 in which to file a § 2254 petition because his rape conviction became final in 1992, well before the effective date of the AEDPA, *Wilcox*, 158 F.3d at 1211; *Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998), and he filed no state post-conviction petition challenging this conviction during the running of the relevant period of limitation. Although Burton filed a state post-conviction action on December 4, 1992, which remained pending in the state courts until April 4, 1995, this action had no affect on the federal limitation period as it was filed and adjudicated by the state courts prior to April 24, 1996 -- the date of the AEDPA's enactment. With respect to the Rule 32 petitions filed by Burton in January and August of 2005, these petitions likewise failed

---

The Anti-Terrorism and Effective Death Penalty Act [the "AEDPA"] sets forth a one-year period of limitation applicable to the filing of federal habeas petitions. This Act became effective on April 24, 1996. The Eleventh Circuit, however, adopted a "grace period" for petitioners whose convictions became final prior to enactment of the AEDPA which allows such persons a reasonable time of "one year from the AEDPA's effective date"-- April 24, 1997 -- to file a federal habeas petition. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998).

to impact the limitation period as Burton filed the petitions after expiration of the limitation period and, therefore, such actions were not "pending" during the requisite time period which is required by the provisions of 28 U.S.C. § 2244(d)(2) to warrant tolling. *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000). Hence, the respondents maintain Burton did not timely file the instant § 2254 petition as the federal limitation period expired on April 24, 1997.

Based on the foregoing, the court entered an order advising Burton he had failed to file his federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1) and the law of this Circuit. *Order of March 28, 2006 - Court Doc. No. 10*. This order also provided Burton an opportunity to show cause why his habeas petition should not be barred from review by this court as untimely filed. *Id.* at 5. In response to this order and in previously filed documents, Burton contends this court should ignore the untimeliness of his petition because he is actually innocent of first degree rape. Burton also asserts the court should address the merits of his claims because the challenge to the constitutionality of his guilty plea and his allegations regarding failure to advise him of his appeal rights present jurisdictional issues which are not subject to the one-year period

of limitation. *Petitioner's January 16, 2007 Response - Court Doc. No. 19* at 15.[4]
Additionally, Burton argues this court should allow equitable tolling of the limitation
period due to (i) his limited knowledge of the law, (ii) the lack of legal assistance from
someone properly trained in the law, (iii) ineffective assistance of counsel during his Rule
32 proceedings, and (iv) a delay of approximately 2½ months in receiving the trial court's
March 23, 2005 order denying his initial Rule 32 petition.

Upon review of the pleadings filed by the parties, the undisputed state court record
and applicable federal law, the court determines no evidentiary hearing is required, Rule
8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes
the present habeas petition is due to be denied as Burton failed to file the petition within
the applicable one-year period of limitation.

## II.  DISCUSSION

### A.  Actual Innocence - Independent Claim

Burton argues he is entitled to federal habeas relief because he is actually innocent
of rape.  Burton bases this assertion on his conclusory allegation of actual innocence and
his claim that a potential witness "could have support[ing] facts that Burton's actions ...
was blown up, and not a violation of state law." *Petitioner's April 11, 2006 Response -*

---

As support for this argument, Burton  maintains Alabama law allows the presentation of jurisdictional claims in a state collateral attack at any time.  However, state law is neither relevant nor  dispositive in this matter. Moreover, this court could not locate any federal authority which supports the petitioner's argument.

*Court Doc. No. 11* at 1; *Petition for Habeas Corpus Relief - Court Doc. No. 1* at 6-7. The law is well settled "that '[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.' *Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993). It is not our role to make an independent determination of a petitioner's guilt or innocence based on evidence that has emerged since the trial. 'This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution--not to correct errors of fact.' *Id.*" *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002). Thus, Burton is entitled to no relief from this court on his independent claim of actual innocence.

### B.  Actual Innocence - Gateway to Excuse Time Bar

This court must determine whether Burton has made a showing of actual innocence before addressing the respondents' assertion that the claims for federal habeas relief are barred by the statute of limitations. *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000). "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States,* 523 U.S. 614, 623 (1998). "[T]he *Schlup*

standard is demanding and permits review only in the "'extraordinary'" case." *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 2077 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id*. at 537. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." 513 U.S. at 324.

Initially, Burton presents his self-serving, conclusory allegation that he is actually innocent of the rape to which he entered a guilty plea. Burton also makes reference to a potential witness possibly having knowledge of facts that his actions did not constitute commission of the offense for which he pled guilty. These assertions, however, do not

constitute "new reliable evidence" of Burton's actual innocence nor has Burton demonstrated that any such evidence exists to establish his actual innocence so as to meet the standard set forth by *Schlup*. The petition for writ of habeas corpus is therefore properly analyzed under 28 U.S.C. § 2244(d)(1)(A).

### C. The Federal Period of Limitation

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation

under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later.  Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken.  *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired.").  Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires.  *Id.*

On March 20, 1992, Burton entered a guilty plea before the Circuit Court of Montgomery County, Alabama to a charge of first degree rape.  The trial court imposed sentence for this conviction on April 10, 1992.  Burton did not appeal his conviction or sentence.  Since Burton failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of his convictions.  By operation of law, Burton's conviction for first degree rape became final on May 22, 1992 -- forty-two days after imposition of sentence as this is the date on which his time to seek direct review of

his rape conviction expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. It is therefore undisputed that the conviction challenged in this federal habeas action became final prior to enactment of the AEDPA. Thus, if the court applied the AEDPA retroactively, the one-year limitation period contained in section 2244(d)(1)(A) would have expired on Burton's rape conviction in May of 1993. However, the law is well settled that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Burton], whose convictions became final long prior to the effective date of the AEDPA ... 'would be unfair, and impermissibly retroactive.' [*Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)]." *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998). Prisoners in this position must therefore be allowed a reasonable period of time after enactment of section 2244(d)'s one-year period of limitation to file their § 2254 petitions and "a reasonable time" is until April 24, 1997 -- "one year from the AEDPA's effective date." *Id*.

1. **Statutory Tolling of the Limitation Period.** Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Burton filed a Rule 32 petition on December 4, 1992, final resolution of this petition occurred in the state courts on April 4, 1995. Consequently, this petition did not toll the limitation period

as it was filed and adjudicated by the state courts prior to the effective date of the AEDPA.

Additionally, the Rule 32 petitions filed by Burton in January and August of 2005 had no

affect on the running of the federal limitation period applicable to the instant habeas action

because Burton filed these petitions several years after the limitation period had expired.

"[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period

of limitation] in order to toll the limitations period.  A state court petition ... that is filed

following the expiration of the limitations period cannot toll that period because there is

no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000),

*cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000); *Moore v. Crosby*, 321

F.3d 1377, 1381 (11th Cir. 2003) ("The plain language of the statute provides for tolling

'[t]he time during which a properly filed application for State post-conviction or other

collateral review ... is pending.' 28 U.S.C.  § 2244(d)(2).  While a 'properly filed'

application for post-conviction relief tolls the statute of limitations, it does not reset or

restart the statute of limitations once the limitations period has expired.  In other words,

the tolling provision does not operate to revive the one-year limitations period if such

period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A]

properly filed petition in state court only tolls the time remaining within the federal

limitation period.").  Thus, the state post-conviction petitions filed by Burton in 2005 did

not toll the limitation period applicable to this federal habeas petition.

10

**2. Equitable Tolling of the Limitation Period**.  Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002).  "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997).  Such tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080, 122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002) .

Burton argues equitable tolling is justified because he has limited knowledge of the law and no one with adequate legal training assisted him in the preparation of his habeas petition.  The law is well settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at

11

an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period. *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (pro se status and ignorance of the law do not justify equitable tolling); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000), *cert. denied*, 534 U.S. 863, 122 S.Ct. 145, 151 L.Ed.2d 97 (2001) (lack of legal knowledge or legal resources, even in a case involving a pro se inmate, does not warrant equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001) (a petitioner's pro se status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000) (ignorance of the law and pro se status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir.), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000) (petitioner's pro se status throughout most of the period of limitation does not merit equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999) (unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling); *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling.").

To the extent Burton asserts lack of knowledgeable inmate assistance as a basis for equitable tolling, this assertion fails to merit such tolling. A petitioner's reliance on the assistance and/or erroneous advice of an inmate clerk fails to establish extraordinary circumstances necessary to excuse the untimely filing of a petition. *See Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir.), *cert. denied*, 498 U.S. 834 (1990) (poor advice from inmate law clerks during collateral proceedings will not establish petitioner's claim of cause for a procedural default as there is no right to legal counsel in such proceedings); *Marsh*, 223 F.3d at 1220 ("The fact that an inmate law clerk was assisting in drafting [pleadings] does not relieve [petitioner] from the personal responsibility of complying with the law."). Moreover, neither an alleged inadequate prison law library nor limited access thereto establishes extraordinary circumstances warranting an equitable tolling of the limitation period. *Felder*, 204 F.3d at 171; *Marsh*, 223 F.3d at 1220.

Burton next alleges a lack of habeas counsel and/or denial of effective assistance of state post-conviction counsel as cause for his failure to timely file a federal habeas petition. These claims, however, likewise entitle Burton to no relief. The law is well settled that a prisoner has no federal constitutional right to counsel when mounting collateral attacks on a conviction. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993 (1987); *Coleman v. Thompson* 501 U.S. 722, 752, 111 S.Ct. 2546, 2566 (1991); *Arthur v. Allen*, 452 F.3d 1234, 1249 (11th Cir. 2006), *modified on reh'g*, 459 F.3d 1310

(11th Cir. 2006); *Henderson*, 353 F.3d at 892 (11th Cir. 2003); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) (prisoners are not entitled to counsel during habeas proceedings); *Tower v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993); *Presnell v. Zant*, 959 F.2d 1524, 1532 n. 6 (11th Cir. 1992). Consequently, neither the lack of representation nor ineffective assistance during collateral proceedings constitutes an extraordinary circumstance sufficient to warrant equitable tolling. *McCoy v. Newsome*, 953 F.2d 1252, 1259 (11th Cir. 1992) ("Since [the petitioner] had no sixth amendment right to counsel, he bears the burden of his failure to act in compliance with [applicable procedural rules].").

Burton also contends he should be allowed equitable tolling of the limitation period due to the state court's failure to timely provide him a copy of its March 23, 2005 decision denying his first Rule 32 petition.[5]  This assertion fails to warrant equitable tolling as the limitation period expired almost eight (8) years prior to issuance of such order.

Burton likewise appears to maintain he is entitled to equitable tolling of the limitation period until the time he obtained pertinent facts and information relative to his 1992 rape conviction and sentence.  Under the circumstances of this case, this court cannot agree with Burton's assertion of entitlement to such equitable tolling because he has failed to show that the delay in filing the instant § 2254 petition resulted from truly extraordinary circumstances beyond his control and unavoidable with the exercise of diligence.  The

---

Burton asserts he did not receive this order until June 8, 2005.

record in this case establishes that Burton participated in the guilty plea and sentencing

proceedings from which his habeas claims arise.  He therefore had either actual or

constructive knowledge of the factual basis for each of the claims presented to this court

challenging the constitutionality of his conviction and, therefore, could have presented his

claims to this court in a timely filed § 2254 petition without access to any other information

or documents associated with his state court proceedings.  Under these circumstances,

Burton needed nothing more "to proceed with filing a habeas corpus petition."  *Lloyd v.*

*Van Natta*, 296 F.3d 630, 633-634 (7th Cir. 2002), *cert. denied* 537 U.S. 1121, 123 S.Ct.

856 (2003); *McCleskey v. Zant*, 499 U.S. 467, 500 (1991) (where a petitioner has at least

constructive knowledge of the factual basis for his claims there is no impediment to the

filing of a federal habeas petition).  Furthermore, "there is no requirement that a habeas

petitioner enumerate in his petition every fact which supports a ground for relief.  Rather,

Rule 2(c) of the Rules Governing § 2254 Cases provides that a petitioner need only 'set

forth in summary form the facts supporting each of the grounds' specified in the petition.

*See Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002) (habeas corpus petition need not be

pleaded with particularity, so citation to transcript unnecessary); *Ruark v. Gunter*, 958 F.2d

318, 319 (10th Cir. 1992 (prisoner not entitled to transcript before filing § 2254 petition)."

*Lloyd v. Van Natta*, 296 at 633; *Montgomery v. Meloy*, 90 F.3d 1200, 1203-1204 (7th Cir.

1996) (Petitioner in attendance at state court proceedings "knew or should have known

15

what transpired.  He was thus on notice that he should include [post-arrest silence and admissibility of out-of-court statements] in" a properly filed habeas petition.).

Finally, Burton argues that he presents jurisdictional claims which are not governed by the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1)(A).  However, neither the statute nor federal case law makes such an exception for alleged jurisdictional issues arising under state law.  The court notes that no government impediment existed to the presentation of any of the claims presented to this court nor are these claims based on a newly recognized constitutional right.  Moreover, the factual predicate of Burton's claims for federal habeas relief were available to him at the time he entered his guilty plea and upon imposition of the sentence.  These claims therefore fail to meet the exceptions to determining finality of judgment contained in 28 U.S.C. § 2244(d)(1)(B), (C) and (D).

**3.  <u>Expiration of the Limitation Period</u>**.  Based on the foregoing analyses, the court concludes that Burton has failed to present any credible basis for either equitable or statutory tolling of the limitation period.  The record is devoid of evidence that Burton's delay in filing the instant § 2254 petition resulted from extraordinary circumstances beyond his control and unavoidable with the exercise of diligence.  The reasons set forth by Burton for his untimeliness are insufficient to establish the extraordinary circumstances required to warrant equitable tolling of the limitation period.  He has likewise presented nothing which demonstrates that he acted diligently in pursuing his federal claims.  Thus, this court

"cannot say that [Burton] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.'  This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5.  Consequently, Burton is not entitled to equitable tolling of the limitation period as he has shown neither extraordinary circumstances nor the diligence necessary to equitably toll the statute.  Moreover, no basis exists for statutory tolling.

Burton filed the instant petition for federal habeas corpus relief on February 14, 2006.  Under the facts of this case, the time allowed Burton for filing a federal habeas petition expired on April 24, 1997.  The limitation period therefore lapsed over eight years prior to Burton filing this federal habeas action and Burton has failed to demonstrate that his petition should not be dismissed as untimely filed.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for habeas corpus relief filed by Taiwan Burton be denied as it was not filed within the period of limitation established by applicable federal law.

2.  This case be dismissed with prejudice.

It is further

ORDERED that on or before March 26, 2008 the parties may file objections to the

Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of March, 2008.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE