IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TAIWAN BURTON, 167305,<br>   Petitioner, | )<br>)<br>) |
| vs. | ) CIVIL ACTION NO.<br>) 2:06-CV-141-WHA |
| JAMES DELOACH, et. al,<br>   Respondent, | )<br>) |

### PETITIONER OPPOSITION TO MAGISTRATE JUDGE RECOMMENDATION

Come now the Petitioner Taiwan Burton, pro-se, by and through himself in the above style cause, hereby objecting to Magistrate Judge Recommendation made on the 13th day of March, 2008, to dismiss petitioner's habeas corpus petition based upon expiration of statute of limitation period. In supporting thereof petitioner hereby states as follows:

### STATEMENT OF FACTS AND CASES

1). On April 10, 1992, the petitioner entered a plea of guilty to the offense of Rape in the first degree in the Circuit court of Montgomery County, Alabama. In doing so, petitioner informed the court that he was innocent and was only pleading guilty because his attorney Hon. John C. Cason made said that it would be in the petitioner's best interest, afterwards the petitioner was sentenced to a term of ninety-nine [99] years in prison.

Petitioner did not appeal but filed his post-conviction Rule 32 petition.

### STATEMENT OF PETITIONER'S INEFFECTIVE ASSISTANCE CLAIMS

In this case, the manifest injustice is the adjudiciation of guilty premises upon sixteen (16) Taiwan Burton's unknowingly un-intelligent and involuntary decision to plea guilty. Because the trial judge failed to carry out the term of the plea agreement, Burton was deprived of his ability to make an informed decision concerning his legal option and ramification thereof, and because his attorney rendered ineffective assistance of counsel.

Burton contention that the allegation raised herein show that counsels' failure to conduct meaningful pretrial investigation satisfies the first prong of the Strickland test. Aldrich v. Wainwright, 777 F.2d 630 (11th Cir.1985); comparing cases e.g, Kimmelman v. Morrison, 477 U.S. 365, 106 S.Ct. 2574, 2588-89, 91 L. Ed. 2d 305 (1986), where the court concluded that counsel's performance was deficient because of a failure to investigate. Id.

Burton further contends that cumulative effects at the errors complained of about prejudice him and were so serious when taken to gether that counsel was not functioning as counsel guarateed by the Sixth Amendment, Strickland v. Washington, id.

Upon first counsel Attorney Hon. John C. Cason, petitioner says that he was never informed of his right to appeal his conviction and sentence, and his failure to appeal conviction and sentence, was without fault on his part. Petitioner contends that if he had known he would wanted to have appeal the primary issues of being ineffective assistance of counsel.

(A) INADEQUATE ASSISTANCE OF COUNSEL:

That his counsel at trial failed to provide constitutionally adequate assistance in the following way list hereafter. Petitioner would alleged that counsel's performance at the trial and appellate level was deficient and that he was actually prejudiced by the said actions, both individually and cumulative.

Petitioner avers that under Strickland v. Washington, 466 U.S. 668 (1984) and cases following it, counsel's performance was deficient to the extent that it prejudiced the defense, depriving petitioner of a fair trial. The performance fell below an objective standard of reasonableness, so that there is a reasonable probability that, but for the substandard conduct, the result of the proceeding would have been different. Example of inadequate representation at the trial and appellate stage are follows:

**(B) NEWLY DISCOVERED EVIDENCE.**

Petitioner would submit that the matters necessary to impeach the 404(b) witnesses is in realm of newly discovered evidence, since the extent of such testimony was not known to petitioner at the time of trial.

> "First petition was appealed and resulted in petition being reversed and remanded attorney filed Rule 32 petition, as Ordered, but attorney was disbarred during or before ruling of the Circuit Court on the petition, and neither court nor attorney notified Burton of the ruling of the court on his petition, compromising Burton's ability to seek further appeals. On second Petition, the state waived statute limitation, in it's response.
> 
> Burton filed opposition and the Circuit Court dismissed petition on 3-23-05, but did not notify Burton until 6-8-05, causing Burton's appeal to be dismissed as untimely.
> 
> Burton filed Mandamus seeking out-of-time appeal, based on him filing untimely was not fault. Relief was denied due to there being another remedy, i.e., Rule 32.1(f).
> 
> The state response; Burton filed opppsition, about clerk has no records of Rule 32.1(f) proceeding filed by Burton.

**(C) STATUTE OF LIMITATION AND GROUND FOR EQUITABLE TOLLING.**

In regards to petition present habeas corpus petition at bar.
On January 26 2005, petitioner filed his 3rd state Rule 32 post conviction petition to the Montgomery Circuit Court, specifially, raising claim of ineffective assistance of trial counsel [Hon. John C. Cason] with facts and proof that his performance fail below the requirement of <u>Strickland</u> for these reasons, equitable tolling should be applied for the review of the petition case on the federal district court level.

> "[T]he limitation provision of Rule 32.2(c) is an affirmative defense and not jurisdiction bar, it is nontheless written in mandatory term. Rule 32.2(c) provides that the court shall not entertain any petition for relief from a conviction or sentence that is not

timely. In prior cases in when it concluded that equitable tolling is unavailable, the Court of Criminal Appeals based its holding on the mandatory "Shall" language found in Rule 32.2(c) and the fact that no Alabama Court has ever held that there is an exception to the limitation period, see, e.g. Arthur v. State, 820 So. 2d 886 889-90 (Ala.Crim.App. 2001) (holding that there is no exception to Rule 32.2(c) and that limitation period is jurisdictional).

However, this court has never held that equitable tolling is not available in a case such as this one. Moreover, because Rule 32.2(c), does not establish a jurisdictional bar, the trial court has the power to hear untimely petition because the running of the limitation period would not deviest the circuit court of the power to try the Ex parte Seymour, 946 So. 2d 536, 539 (Ala.2006).

"Further, as ward points out, under federal habeas corpus practice, the federal courts have held that equitable tolling is available for a §2244 petition, notwithstanding that the word 'shall' appeared in 28 U.S.C. §2244(d)(1) (establishing procedures for petitioner's future writ of habeas corpus). see e.g, Baldayague v. United States, 338 F. 3d 145, 153 (2d Cir. 2003) holding that equitable tolling may be available where the attorney behavior was outrageous or the attorney incompetence was extraordinary); Spitsyn v. Moore, 345 F. 3d 796, 799 (9th Cir. 2003) (allowing equitable tolling where the petitioner's attorney failed to filed the petition and failed to return the petition filed despits multiple requests from the petitioner's); Sandvik v. United States, 177 F. 3d 1269 (11th Cir. 1999) (allowing equitable tolling in cases of extraordinary circumstances beyond the petitioner's control and unavailable even with the exercise of delilgence).

Petitioner contends that in extraordinary circumstances that are beyond his control as an prose litigant and that are unavailable even with one exercise of diligent.

The federal courts has held that equitable tolling is available even with the exercise of diligence.

The federal court's has also recognized that in a case such as the petitioner's the consequences of error are terminal and therefore require attention to whether principles of "equity" would make the rigid application of a limitation period unfair.

## CONCLUSION

WHEREFORE, premises considered, and for a good cause shown by the petitioner, this Honorable Court should apply the 'equitable tolling standard' to:

(A). Retract Magistrate Judge's Recommendation made on March 13, 2008.

(B). Grant evidentiary hearing on the merits the petitionr ineffective assistance of counsel claims.

(C). Grant the petitioner whether other relief this Honorable Court deems just and proper.

## PETITONER'S VERIFICATION UNDER OATH
## SUBJECT TO PENALTY FOR PERJURY

I swear under penalty of perjury that the foregoing is true and correct. Done this 24TH day of March, 2008.

*[signature]*
PETITIONER'S SIGNATURE

## CERTIFICATE OF SERVICE

I hereby ceritfy tha a copy of the foregoing document was served by first class mail, postage prepaid, on the Attorney General Hon. Troy King 11 South Union Street Montgomery, AL 36130 on the said 24TH day of March, 2008.

*[signature]*
TAIWAN BURTON
AIS: 167305 (F2-27A)
DRAPER CORR. CTR.
P.O. BOX 1107
ELMORE, ALABAMA 36025-1107

TAIWAN BURTON
AIS: 167305 DORM: F2-27A
DRAPER CORR. CTR.
P.O. BOX 1107
ELMORE, ALABAMA 36025-1107

This correspondence is forwarded
from an Alabama State Prison. The contents
have not been evaluated and the Alabama
Department of Corrections is not responsible
for the substance or content of the enclosed
communication.

**LEGAL USE ONLY**

MIDDLE DISTRICT OF ALABAMA
OFFICE OF
CLERK, UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA 36101-0711